Iris Violeta **VALIENTE**, et al., Plaintiffs, Appellees,

v.

Hon. Ramon Luis **RIVERA**, etc., et al., Defendants, Appellants.

Nos. 91–2277, 91–2332.

United States Court of Appeals, First Circuit.

Submitted May 13, 1992.

Decided June 5, 1992.

21. Def. Exh. 14, at 6.

Reina Colon De Rodriguez, Acting Sol. Gen., and Carlos Lugo–Fiol, Asst. Sol. Gen., on brief, for defendants, appellants.

Jesus Hernandez Sanchez and Hernandez Sanchez Law Firm, on brief, for plaintiffs, appellees.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Claiming qualified immunity, defendant moved for summary judgment. Without reaching the merits of the immunity claim, the district court denied the motion because it was "filed on the eve of trial" and "comes too late." Defendant has appealed. For reasons which follow, we do not agree that the motion was filed too late.

I

Eight plaintiffs, employees of the municipality of Bayaman, filed a complaint in October 1986 against the municipality and its mayor. The lead plaintiff, Mrs. Violeta Valiente, stated that she was a member of the same political party as the mayor, but, because she had refused to discriminate on the basis of political affiliation, the mayor had classified her and her associates (the other plaintiffs) as dissenters and had discriminated against them. According to the complaint, Mrs. Violeta Valiente had been demoted in 1985, moved to a small room next to the toilet, given no work, and harassed. Other plaintiffs had been denied raises granted to employees with less experience and fewer credentials, had been transferred to work places more distant from their homes, had suffered a cut in hours, and had been harassed and persecuted.

After initial settlement negotiations failed, trial was originally scheduled for March 13, 1990, but was postponed to July 31, 1990. On July 26, 1990, defendants filed their request for jury instruction, which included instruction on qualified immunity. The July 31, 1990 trial date was vacated when the parties informed the court that promising settlement negotiations were underway. When, by mid-September, no settlement had materialized, trial was rescheduled for May 7, 1991. On May 2, 1991, several days before trial, defendants sought a three-month continuance because of the mayor's health problems. The motion was granted the next day, but no new trial date was immediately set.

On May 10, 1991, defendant mayor filed the motion which is the subject of this appeal. He requested permission to file a motion for summary judgment based on qualified immunity. Accompanying the motion was a lengthy memorandum arguing that in 1985 and 1986 when the acts in question had taken place, the law was not clearly established that politically motivated personnel actions short of discharge were constitutionally proscribed. The motion was not immediately acted upon. On May 28, trial was rescheduled to December 2, 1991. On November 4, 1991, the court denied the May 10, 1991 request to file a motion for summary judgment. The court stated as follows:

**Denied.** Although a pre-trial motion for summary judgment is the best instrument for disposing of a qualified immunity defense, this motion, filed on the eve of trial, comes too late in this 1986 litiga-

tion. Given the Court's congested trial calendar, to allow this filing will inevitably lead to a continuance of the trial. Defendant mayor has appealed from that order.

## II

We reject plaintiffs' contention that the order refusing permission to file a motion for summary judgment is not appealable. Orders *denying* pre-trial claims of qualified immunity are immediately appealable as collateral orders in accordance with *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). To be sure, the district court here did not *deny* defendant's claim to qualified immunity on the merits, but rather refused to address the merits of the motion at all. Nevertheless, as an asserted right not to stand trial is lost no less by a court's refusal to entertain a pre-trial immunity claim as by an erroneous denial of it on the merits, we see no basis—at least not in the circumstances of the present case—for distinguishing between the two for appellate jurisdictional purposes. *See Zayas–Green v. Casaine,* 906 F.2d 18, 23 (1st Cir.1990) ("Without question, defendants had ... a right to appeal from the district court's announced refusal to entertain any further pre-trial motions raising the qualified immunity defense."). We have jurisdiction to hear this appeal.

## III

Contrary to the court's ruling, the motion requesting permission to file a motion for summary judgment was not filed on the eve of trial. Rather, when the motion was filed, the court had already vacated the May trial date and granted defendants' request for a substantial continuance. As the new trial date was not until December, the motion ended up having

been filed almost seven months in advance of trial. Seven months in advance is not the eve of trial. There was sufficient time for the court to rule on the summary judgment request.[1]

Moreover, it is clear that to the extent defendant's motion asserted qualified immunity from damages liability for politically motivated personnel actions short of dismissal, the motion should have been granted. Government officials are not liable for monetary damages in § 1983 suits unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). As we have explained in other cases similar to the present involving actions short of discharge, not until *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), was decided did it become clearly established that the *Elrod–Branti* constitutional prohibition against politically motivated firings applied to other personnel actions, such as promotions, transfers, and hirings. *See Castro–Aponte v. Ligia–Rubero,* 953 F.2d 1429 (1st Cir.1992) (qualified immunity for 1986 transfer decision); *Roque–Rodriguez v. Lema Moya,* 926 F.2d 103, 106–07 (1st Cir.1991) (plaintiff denied promotion from 1985 to 1989; qualified immunity); *Nunez–Soto v. Alvarado,* 918 F.2d 1029, 1030 (1st Cir.1990) (demotion). In the present case, plaintiffs complained of demotion, changes in duties, transfers, reduced hours, and raise denials predating their 1986 complaint. As it was not clearly established at that time that such personnel actions, even if politically motivated, violated the constitution, defendant mayor is entitled to quali-

---

1. One reason why the court may have mistakenly characterized the summary judgment motion as having been filed on the eve of trial is that defendant's summary judgment motion, ostensibly drafted before the motion for continuance had been granted, itself stated it was being filed on the eve of trial. Defendant sought to excuse the late filing by pointing to a two and a half month old First Circuit opinion and arguing that only recently had the applicable law crystallized. We would be faced with a far different case had the district court not granted the continuance. Once the continuance was granted, however, the summary judgment request was no longer last minute and must be viewed in the context of the new trial schedule.

**24**

fied immunity from damages liability with respect to these First Amendment claims.[2]

Pursuant to First Circuit Rule 27.1, the November 4, 1991 order is vacated to the extent it denied defendant mayor's motion requesting permission to file a motion for summary judgment, and the case is remanded with directions to grant summary judgment to defendant mayor on the issue of qualified immunity from damages liability with respect to plaintiffs' claims that defendant violated plaintiffs' First Amendment rights by subjecting them to adverse working conditions short of discharge (actual or constructive) because of their political affiliation.

*Vacated and remanded.*

---

**2.** In their appellate brief, various plaintiffs assert other possible claims: 1) denial of procedural due process in that no hearing preceded the demotion or other adverse personnel actions, 2) constructive discharge in violation of First Amendment rights, and 3) violation of First Amendment rights in that plaintiffs were harassed because of their speech concerning unhealthy conditions. We do not now decide whether all these claims were raised below or whether summary judgment with respect to any of them is proper, but rather leave these matters to be addressed in the first instance by the district court.