John ENGLISH, Plaintiff–Appellee,

v.

Dennis DYKE; Terry Pitcher; Pamela Withrow; and Linda Flanagan, Defendants–Appellants.

No. 93–1531.

United States Court of Appeals, Sixth Circuit.

Argued April 19, 1994.

Decided May 13, 1994.

---

Daniel E. Manville (argued and briefed), Detroit, MI, for plaintiff-appellee.

Linda M. Olivieri (argued and briefed), Office of the Atty. Gen., Corrections Div., Lansing, MI, for defendants-appellants.

Before: KENNEDY and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Defendants, prison officials at the Michigan Reformatory, appeal the District Court's order denying their post-answer motion to dismiss or for summary judgment based on qualified immunity. The District Court held that defendants waived their qualified immunity defense by failing to raise it in their pre-answer motion to dismiss or for summary judgment. Defendants argue on appeal that (1) the District Court erred in treating defendants' post-answer motion for summary judgment as a motion for reconsideration of the court's ruling on the pre-answer motion, and (2) the District Court erred in holding that defendants' failure to raise their qualified immunity defense in their pre-answer motion waived their right to assert the defense. For the following reasons, we reverse the judgment of the District Court and remand the case for the trial court to consider the merits of defendants' qualified immunity defense.

## I.

Plaintiff John English, a prisoner at the Standish Maximum Facility ("SMF") in Michigan, brought this action under 42 U.S.C. § 1983 against prison officials at the Michigan Reformatory ("MR") for alleged deprivation of civil rights without due process of law. During the week of November 16, 1990, there were several stabbings and assaults at MR resulting in injuries to a number of inmates. Prison officials believed plaintiff was a member of a gang suspected of perpetrating the violence. Officials issued a notice of intent to classify plaintiff to administrative segregation, security level VI, and placed him in temporary segregation pending an investigation and hearing concerning the notice of intent.

Plaintiff alleges that on November 16, 1990, without a hearing on the notice of intent, plaintiff was reclassified from security level IV to level V (maximum security) and, four days later, was transferred to SMF where he was placed in the general population. Plaintiff received no hearing with respect to his reclassification to security level V or his transfer to SMF. Defendant Warden Withrow at MR canceled the notice of intent to classify plaintiff to administrative segregation.

On May 13, 1991, plaintiff filed this *pro se* action alleging that his reclassification and transfer without a hearing deprived him of liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution. On August 23, 1991, prior to filing an Answer, defendants filed a motion (hereinafter "pre-answer motion") to dismiss or for summary judgment on the ground that (1) plaintiff's vague and conclusory statements of conspiracy failed to state a cause of action, (2) a prisoner has no state-created liberty interest in a security classification, and (3) the Michigan Department of Corrections ("MDOC") did not require that plaintiff receive a hearing before transfer.

On January 16, 1992, the District Court denied defendants' motion. Thereafter, counsel was appointed who submitted various discovery requests.

On February 10, 1992, defendants filed an Answer to plaintiff's Complaint in which they raised the affirmative defense of qualified immunity. On October 1, 1992, before responding to any discovery requests, defendants filed a second motion (hereinafter "post-answer motion") to dismiss or for summary judgment. In this post-answer motion, defendants argued that (1) certain defendants should be dismissed for lack of personal involvement in the challenged actions, and (2) defendants are entitled to dismissal or judgment as a matter of law on the basis of qualified immunity.

On March 24, 1992, the District Court entered an order granting dismissal of certain defendants for lack of personal involvement and denying defendants' defense of qualified immunity. The court determined that defendants' arguments in the post-answer motion pertaining to qualified immunity were essentially the same as their arguments in the pre-answer motion and, therefore, the post-answer motion was really one for reconsideration of the court's ruling on the pre-

answer motion. By local rule, motions for reconsideration. must be filed within ten days of the order to be reconsidered. Because the motion was filed more than seven months after the court's original order, the court held, it was untimely and would not be considered. Furthermore, the court reasoned, because the qualified immunity defense was based on arguments raised in the pre-answer motion, that defense was available at the time the pre-answer motion was filed. Therefore, the court held, defendants' failure to include the defense of qualified immunity in the pre-answer motion operated as a waiver of that defense. Defendants appeal.

## II.

Defendants first challenge the District Court's ruling that denied their qualified immunity defense on the ground that it was raised in an untimely motion for reconsideration. Defendants contend that the issue of qualified immunity, introduced in the post-answer motion, is distinct from the grounds for dismissal raised in the pre-answer motion, which did not mention qualified immunity, and therefore the post-answer motion was not redundant.

■■ We have jurisdiction over this appeal because a denial of a motion for summary judgment based on qualified immunity is immediately appealable. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985). A district court may not avoid deciding a defense of qualified immunity by mischaracterizing the question before it. *See Dominque v. Telb,* 831 F.2d 673, 677 (6th Cir.1987). Here, we are called on to decide whether the District Court had a proper basis for declining to consider defendants' qualified immunity defense. We conclude it did not. A comparison of the two motions filed in the District Court reveals that the post-answer motion was not one for reconsideration. The pre-answer motion sought dismissal for failure to state a claim on the ground that neither the Constitution nor the State of Michigan had conferred on plaintiff a protected liberty interest in his security classification. In the post-answer motion, defendants again argued that plaintiff had no protected liberty interest in his

security classification. To that extent, the arguments advanced are similar, but the issues are not the same. The pre-answer motion asked the court to decide whether defendants' actions, as alleged in the Complaint, violated plaintiff's constitutional rights. The second motion, based on qualified immunity, asked the court to decide whether defendants' alleged actions violated plaintiff's rights *under clearly established law.* A decision in plaintiff's favor on the first question did not require a decision for plaintiff on the question of qualified immunity. Thus, a decision on the post-answer motion would not have been a redundant exercise. We conclude, therefore, that the District Court erred in treating defendants' post-answer motion as one for reconsideration and should instead have treated it as a motion for judgment on the pleadings or for summary judgment.

## III.

■■ Defendants also challenge the District Court's holding that defendants waived their qualified immunity defense by failing to raise it in their pre-answer motion to dismiss. Qualified immunity is an affirmative defense which must be affirmatively pleaded. *Kennedy v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987). The defense protects a defendant from different and distinct burdens. It not only protects a defendant from liability but may also protect a defendant from the burdens of trial and discovery. *Id.* at 299. Thus, as this Circuit holds, a qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial. *Id.* at 299–300. A denial of the defense at any stage entitles a defendant to an immediate appeal. If the trial court's ruling is affirmed on appeal, the defendant may raise the defense at the next stage of litigation and appeal again if the defense is denied. *Id.* While the issue is before the trial court or the case is on appeal, the trial court should stay discovery.

"Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." *Kennedy*, 797 F.2d at 300. The defense is subject to the same procedural rules as other defenses. *Id.* Thus, as this Court recently held in an unpublished opinion, a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second *pre-answer* motion to dismiss. *Swart v. Pitcher*, No. 92–2401, 1993 WL 406802 (6th Cir. Oct. 8, 1993) (unpublished opinion). In addition, a defendant may waive his right to appeal a denial of qualified immunity if he fails to file a timely appeal. *Kennedy*, 797 F.2d at 301. Moreover, the trial court has discretion to find a waiver if a defendant fails to assert the defense within time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes. *Kennedy*, 797 F.2d at 300–301; *see Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir.1991). Such a waiver, however, need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted.[1] *See Kennedy*, 797 F.2d at 300. Thus, for example, a defendant who fails to timely assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial.

Defendants' post-answer motion was not made after a court-imposed deadline nor did the court make any finding of undue delay on defendants' part. Instead, the court held, relying on Rule 12(g) of the Federal Rules of Civil Procedure, that defendants' failure to include the qualified immunity defense in their pre-answer motion to dismiss operated as a waiver of the defense. The trial court's reliance on Rule 12 is misplaced. Rule 12(g)[2] does prohibit a party who makes a Rule 12 motion that omits any Rule 12 defense available at the time from making a subsequent motion based on the omitted defense. As this Court previously observed:

> Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second *pre-answer* motion.

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978) (emphasis added). Thus, defendants waived any right to raise their immunity defense in a second pre-answer motion to dismiss. *See Swart*, 1993 WL 406802, at *3.

Although we have held that a defendant may challenge the sufficiency of a complaint on the basis of qualified immunity before filing a formal affirmative defense in his answer, *see Dominque*, 831 F.2d at 676, requiring that it must be raised in a pre-answer motion is, we believe, unjustified and contrary to the orderly application of the rule.

In addition, Rule 12(h)(1)[3] provides that certain defenses are completely waived if not

---

1. We do not hold that failure to raise the defense can never waive it for all purposes. Conceivably, a plaintiff may be so prejudiced by a defendant's failure to raise the defense, especially when the delay was intentional, that the trial court may decide the defense is completely waived. We are not presented with such a case.

2. Rule 12(g) provides:

   (g) **Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.
   If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
   Fed.R.Civ.P. 12(g).

3. Rule 12(h) provides

   (h) **Waiver or Preservation of Certain Defenses.**
   (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this

included in a Rule 12 motion. Rules 12(g) & (h)(2), however, provide an exception for a defense based on failure to state a claim. Such a claim may be brought in a subsequent pleading, motion for judgment on the pleadings, or at trial on the merits. Fed.R.Civ.P. 12(h)(2). The basis of defendants' qualified immunity defense was that plaintiff failed to state a claim. The motion, which was accompanied by exhibits and affidavits, was submitted after defendants filed an Answer to the Complaint. The motion was a motion for judgment on the pleadings and to the extent the court would need to review the attachments outside the pleadings, the motion was to be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(c). Not only does Rule 12 not prohibit such post-answer motions, but the Rule expressly excepts them from its waiver provisions. *See* Fed.R.Civ.P. 12(g) & (h)(2). We conclude, therefore, that defendants' qualified immunity defense may still be raised post-answer and the District Court's order to the contrary is erroneous.[4] *See Swart,* 1993 WL 406802, at \*3. On remand, the District Court should decide the merits of defendants' qualified immunity defense. The court may wish to have the parties brief the issue again since changes in the law may bear on the decision. If necessary to decide the question, the court may order additional discovery provided it is limited to the question of qualified immunity. *See* Fed. R.Civ.P. 56(f); *Sinclair v. Schriber,* 834 F.2d 103, 104 (6th Cir.1987).

### IV.

For the reasons stated above, the District Court's order is **REVERSED** and the case is **REMANDED** for further proceedings not inconsistent with this opinion.

---

rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Fed.R.Civ.P. 12(h).

4. In their reply brief, defendants ask this Court to decide the merits of their qualified immunity defense. We will not address that question, however, because neither party argued the issue on appeal. *See Dominque,* 831 F.2d at 677.

