UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 95-2054

HECTOR GUZMAN-RIVERA, ET AL.,

Plaintiffs - Appellees,

v.

HECTOR RIVERA-CRUZ, ET AL.,

Defendants - Appellants.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, Senior U.S. District Judge] 



Before

Torruella, Chief Judge, 

Cyr and Lynch, Circuit Judges. 



Esther Castro-Schmidt, with whom Jos R. Gaztambide, Luis A. 
Plaza-Mariota, Elisa Bobonis-Lang and Gaztambide & Plaza were on 
brief for appellants.
Victoria A. Ferrer for appellees. 



October 28, 1996


TORRUELLA, Chief Judge. The parties come before us for TORRUELLA, Chief Judge. 

the third time in as many years. This time, defendants-

appellants appeal the district court's denial of their motion for

summary judgment based on qualified immunity. The district court

found the qualified immunity defense to have been waived by

defendants' failure to raise the issue earlier in the

proceedings. We affirm the district court's denial of

defendants-appellants summary judgment motion. We agree with the

finding of waiver to the extent that the district court found the

qualified immunity defense waived for the pre-trial stage, and we

reverse to the extent that it found the defense waived for the

purposes of trial.

I. BACKGROUND I. BACKGROUND

On June 27, 1989, plaintiff-appellee H ctor Guzm n-

Rivera was convicted of murder and sentenced to 119 years

imprisonment. Guzm n's father, H ctor Guzm n-Fern ndez, began an

independent investigation into the murder for which his son had

been convicted and eventually uncovered proof of Guzm n's

innocence. Guzm n was released on June 15, 1990. Guzm n and

members of his family subsequently filed suit against the

Secretary of Justice of Puerto Rico and two other Justice

Department officials under 42 U.S.C. 1983. The suit alleged

that the defendants had failed to reinvestigate the facts of

Guzm n's case with adequate speed and to move for his release

even after his innocence had been established.

-2-

In Guzm n-Rivera v. Rivera-Cruz, 29 F.3d 3 (1st Cir. 

1994) (Guzm n I) we vacated the district court's grant of summary 

judgment for defendants on statute of limitations grounds and

remanded. In Guzm n-Rivera v. Rivera-Cruz, 55 F.3d 26 (1st Cir. 

1995) (Guzm n II), we reviewed the district court's denial of 

defendants' motion for summary judgment on absolute immunity

grounds. We found that the defendants are not "entitled to

absolute immunity for any delays or inadequacies in their conduct

of the investigation," but that "they are absolutely immune for

their post-investigation failure to go into court to seek

Guzm n's release." Id. at 28. 

The case is now before us again. For the third time,

we are presented with an appeal from the district court's ruling

on a summary judgment motion. This time, the appeal is from a

denial of summary judgment on qualified immunity grounds. The

summary judgment motion was denied by the district court on the

grounds of waiver; "[d]efendants have had ample opportunity to

raise this defense during the district court's prolonged

proceedings as well as through two appeals . . . . Thus, we find

that defendants' waived the qualified immunity defense." Order

of the District Court, August 4, 1995. 

II. STANDARD OF REVIEW II. STANDARD OF REVIEW

We review the denial of summary judgment de novo, 

applying the same decisional standard as the district court.

Wyner v. North Am. Specialty Ins. Co., 78 F.3d 752, 754 (1st Cir. 

1996). Summary judgment is appropriate where the record, viewed

-3-

in the light most favorable to the nonmoving party, reveals no

genuine issue as to any material fact, and the moving party is

entitled to judgment as a matter of law. Id. 

III. LEGAL ANALYSIS III. LEGAL ANALYSIS

The doctrine of qualified immunity offers public

officials a defense against liability under 42 U.S.C. 1983.

See, e.g., G mez v. Toledo, 446 U.S. 635, 639 (1980). T h e 

qualified immunity defense exists not only to shield officials

from liability for damages, but also to protect them from "the

general costs of subjecting officials to the risks of trial --

distraction of officials from their governmental duties,

inhibition of discretionary action, and deterrence of able people

from public service." Harlow v. Fitzgerald, 457 U.S. 800, 816 

(1982).

Because the doctrine of qualified immunity recognizes

that litigation is costly to defendants, officials may plead the

defense at various stages in the proceedings. Specifically,

defendants may raise a claim of qualified immunity at three

distinct stages of the litigation. First defendants may raise

the defense on the pleadings, in a motion to dismiss. "Unless

the plaintiff's allegations state a claim of violation of clearly

established law, a defendant pleading qualified immunity is

entitled to dismissal before the commencement of discovery."

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Second, if a 

defendant cannot obtain a dismissal on the pleadings, he or she

-4-

may move for summary judgment and "is entitled to summary

judgment if discovery fails to uncover evidence sufficient to

create a genuine issue as to whether the defendant in fact

committed those acts." Id. Finally, the defense is, of course, 

available at trial. See Behrens v. Pelletier, U.S. , 116 S. 

Ct. 834, 839 (1996); Unwin v. Campbell, 863 F.2d 124, 132 n.5 

(1st Cir. 1988); Kennedy v. City of Cleveland, 797 F.2d 297, 299 

(6th Cir. 1986), cert. denied, 479 U.S. 1103 (1987). 

Furthermore, "a district court's denial of a claim of

qualified immunity, to the extent that it turns on an issue of

law, is an appealable 'final decision' within the meaning of 28

U.S.C. 1291 notwithstanding the absence of a final judgment."

Mitchell, 472 U.S. at 530. This is so regardless of whether the 

denial takes place at the pleadings stage or at summary judgment.

See Zayas-Green v. Casaine, 906 F.2d 18, 22 (1st Cir. 1990) 

(citing Mitchell, 472 U.S. at 526-27); Valiente v. Rivera, 966 

F.2d 21, 23 (1st Cir. 1992).

The right to immediate appeal of a district court's

denial of a motion for summary judgment based on qualified

immunity was recently confirmed in Behrens v. Pelletier, U.S. 

, 116 S. Ct. 834. In that case, the Court noted that a

district court's rejection of a qualified immunity defense at

either the dismissal or summary judgment phase is a final order,

and stated that "[s]ince an unsuccessful appeal from the denial

of dismissal cannot possibly render the later denial of a motion

from summary judgment any less 'final,'" an appeal at the

-5-

dismissal stage does not limit the right to appeal at the summary

judgment stage. Id. at 839. 

These considerable rights to raise and appeal the

defense of qualified immunity are not, however, unlimited. 

Qualified immunity is an affirmative defense, and the "burden of

pleading it rests with the defendant." G mez, 446 U.S. at 640. 

"Since immunity must be affirmatively pleaded, it follows that

failure to do so can work a waiver of the defense." Kennedy, 797 

F.2d at 300.

The Sixth Circuit, faced with the issue of waiver at

the pleadings stage in English v. Dyke, 23 F.3d 1086 (1994), 

concluded that "a failure to assert the defense in a pre-answer

motion to dismiss waives the right to raise the issue in a second

pre-answer motion to dismiss." Id. at 1090. Importantly, the 

court added that "[s]uch a waiver . . . would generally only

waive the defense for the stage at which the defense should have

been asserted." Id. The Sixth Circuit case law on which English 

relies evidenced a concern that the right to move for dismissal

on the grounds of qualified immunity and the corresponding right

to appeal can be used for purposes of delay. See, e.g., Kennedy, 

797 F.2d at 301; Yates v. City of Cleveland, 941 F.2d 444, 448-49 

(6th Cir. 1991).

We share these concerns. Delay generated by claims of

qualified immunity may work to the disadvantage of the plaintiff.

Witnesses may become unavailable, memories may fade, attorneys

fees accumulate, and deserving plaintiffs' recovery is delayed.

-6-

See Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) 

("Defendants may seek to stall because they gain from delay at

plaintiffs' expense, an incentive yielding unjustified

appeals."). Delay is also costly to the court system, demanding

more time and energy from the court and retarding the disposition

of cases.

We must balance the need to protect public officials

from frivolous suits with the need to have cases resolved

expeditiously. Without some limit on the ability of defendants

to raise immunity issues, any suit implicating the defenses of

absolute and qualified immunity faces the possibility of at least

three independent motions for summary judgment: (i) a motion for

summary judgment on the non-immunity defenses, (ii) a motion for

summary judgment based on absolute immunity, which can be

appealed immediately; (iii) a motion for qualified immunity which

can also be appealed immediately. The potential for delay is

considerable. In the instant case, for example, defendants have

filed two post-discovery motions for summary judgment and one

motion to dismiss that was converted to a motion for summary

judgment.1

In order to reduce the potential for abuse by

defendants, we believe that the defense of qualified immunity may

be deemed to have been waived if it is not raised in a diligent
 

1 Although Fed. R. Civ. P. 56 states that defendants may move
for summary judgment "at any time," we do not believe that this
precludes us from establishing some limits to the ability of
defendants to use the protection of qualified immunity to slow
the progress of the case.

-7-

manner during the post-discovery, pre-trial phase. To find

otherwise is to invite strategic use of the defense by defendants

who stand to benefit from delay. This ruling does not inhibit

the ability of defendants to raise a defense of qualified

immunity and benefit from the protections it offers. Our ruling

today in no way prevents a defendant from raising the defense of

qualified immunity at summary judgment, regardless of whether it

was raised prior to discovery.

We, therefore, adopt the position of the Sixth Circuit

that the district court has the discretion to deny motions for

summary judgment that are not filed in an expeditious manner.

[T]he trial judge retains discretion not
only to set cut off dates for discovery
but to cut off motions for summary
judgment, even those which may challenge
the plaintiff's right to go to trial on
the basis of absolute or qualified
immunity. The quid pro quo is obvious:
in exchange for the defendant's right to
interrupt the judicial process, the court
may expect a reasonable modicum of
diligence in the exercise of that right.

Kennedy, 797 F.2d at 301; See also English, 23 F.3d at 1090 

("[T]he trial court has discretion to find a waiver if a

defendant fails to assert the defense within the time limits set

by the court or if the court otherwise finds that a defendant has

failed to exercise due diligence or has asserted the defense for

dilatory purposes.").

We add that district courts are encouraged to enter

scheduling orders to prevent dilatory tactics on the part of

defendants with qualified immunity defenses. Absent an abuse of

-8-

discretion, this court will enforce those scheduling deadlines by

affirming a finding of waiver and awarding double costs.

IV. APPLICATION OF THE ANALYSIS IV. APPLICATION OF THE ANALYSIS

In the case before us, defendants-appellants chose to

raise the defense of qualified immunity only at the summary

judgment stage. As the above discussion indicates, failure to

raise the issue on the pleadings does not constitute waiver of

the right to raise the defense post-discovery. Were this the

only question before us, there would be no waiver.

In the instant case, however, defendants raised the

qualified immunity defense very late in the pre-trial, post-

discovery phase, despite the fact that they had ample opportunity

to have the issue resolved expeditiously earlier in the

proceedings, rather than generating additional delay by filing

this third motion for summary judgment. The question before this

court, therefore, is whether the defendants waived the right to

raise the defense at this stage by failing to do so in a diligent 

manner and by failing to offer an explanation for the delay.

Upon de novo review, we hold that the defense of qualified 

immunity has been waived for the pre-trial stage.

We note first, that because the qualified immunity

defense "depends on the facts peculiarly within the knowledge and

control of the defendant[s]," G mez 446 U.S. at 641, we see no 

reason why defendants were unable to raise the defense earlier

than they did. What is more, they have not offered any

explanation for their delay.

-9-

The record shows that defendants had several

opportunities to raise the qualified immunity defense post-

discovery. First, they could have filed a summary judgment

motion between the completion of discovery and the deadline for

dispositive motions: March 15 and March 30, 1993, respectively.

Defendants chose instead to await the outcome of their motion to

dismiss (converted to a motion for summary judgment) based on

time bar and absolute immunity, for which they filed a Memorandum

of Law on May 5, 1992. Although the failure to include the

qualified immunity defense in this initial motion for summary

judgment does not, by itself, constitute a waiver for the

purposes of the current appeal, it is noteworthy that, had

defendants included the issue in the motion and subsequently

argued all three defenses (time bar, absolute immunity, and

qualified immunity) on appeal, this Court would have resolved all

three issues in the course of a single appeal.

Second, the parties filed a Joint Pretrial Order on

February 2, 1993. District of Puerto Rico Local Rule 314.3(E)

requires each party to set forth its theory in this order.

Defendants failed to mention qualified immunity as part of their

legal theory.

Additionally, having lost in their efforts to dismiss

the case based on time bar, defendants could have filed for

summary judgment based on qualified immunity. Instead,

defendants waited almost four months until November 1, 1994, six

days before trial was scheduled to begin, to file an "Urgent

-10-

Motion for Relief," seeking summary judgment on absolute immunity

grounds. On appeal, this Court stated that "[w]e are left to

wonder why absolute immunity was originally pled as a defense,

abandoned in the initial appeal, and then resurrected as an

emergency on remand." Guzm n II, 55 F.3d at 27. Because "[t]he 

district court nevertheless denied the motion on the merits,"

this Court did not consider the absolute immunity defense waived.

Id. This second summary judgment motion gave the defendants an 

additional opportunity to raise the defense of qualified

immunity, but they chose instead to argue only absolute immunity.

On November 4, 1994, the same day that the trial court

denied the motion for summary judgment based on absolute

immunity, defendants filed their Answer to the Amended Complaint

and a Notice of Appeal. The qualified immunity defense appears

on the scene for the first time in the Answer. Defendants have

offered no explanation for the failure to include the qualified

immunity defense in the motion for summary judgment filed only

three days before the Answer. It was not until almost eight

months later, on July 21, 1995, that defendants moved -- in their

third such motion -- for summary judgment based on qualified

immunity.

As the record indicates, the piecemeal fashion in which

defendants have brought forward their defense is unduly time

consuming for the courts and potentially prejudicial to the

plaintiff. Upon de novo review, we therefore find the defense of 

qualified immunity to have been waived for the current stage of

-11-

the litigation: the defense has been available to defendants

since early in the litigation and, as the district court

correctly found, the plaintiff has been prejudiced by the

defendants' intentional strategy of delay.

This decision does not imply, however, that the defense

has been waived for other stages of the litigation. Because the

defense of qualified immunity may be raised and appealed at

multiple stages of the trial, it would be inappropriate to find

waiver for all stages in the current case. We need not decide

whether a sufficient showing of prejudice to the plaintiff would

result in waiver for all stages: even assuming so arguendo, there 

is no such showing in the instant case. Our decision thus leaves

defendants free to present the qualified immunity defense at

trial, despite the fact that the defense is waived for pre-trial

purposes.

We add that defendants' reliance on Valiente v. Rivera, 

966 F.2d 21 (1st Cir. 1992), is misplaced. In that case, this

Court ruled that a motion for summary judgment filed on the eve

of the originally scheduled trial date could not be denied as

untimely where a new trial date had been scheduled. Instead, the

timeliness of the motion had to be viewed in light of the new

date. Id. at 23. In this case, the problem is not that the 

defense has filed a motion on the eve of trial. Rather, it is

that defendants have pursued a strategy of delay which has

prejudiced the plaintiff and abused the judicial process. We

believe, as we have already stated, that some limits must be

-12-

placed on the ability of defendants to use their immunity

defenses to frustrate and delay the rights of plaintiffs.

V. CONCLUSION V. CONCLUSION

We affirm the district court's finding of waiver and affirm 

denial of defendants' summary judgment motion. In light of this

finding, we need not reach the merits of the qualified immunity

claim. Considering the intentional delay imposed on the case by

defendants-appellants, we hereby order defendants-appellants to

pay double costs.

-13-