USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2054 HECTOR GUZMAN-RIVERA, ET AL., Plaintiffs - Appellees, v. HECTOR RIVERA-CRUZ, ET AL., Defendants - Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________ _____________________ Esther Castro-Schmidt, with whom Jos R. Gaztambide, Luis A. _____________________ __________________ _______ Plaza-Mariota, Elisa Bobonis-Lang and Gaztambide & Plaza were on _____________ __________________ __________________ brief for appellants. Victoria A. Ferrer for appellees. __________________ ____________________ October 28, 1996 ____________________ TORRUELLA, Chief Judge. The parties come before us for TORRUELLA, Chief Judge. ___________ the third time in as many years. This time, defendants- appellants appeal the district court's denial of their motion for summary judgment based on qualified immunity. The district court found the qualified immunity defense to have been waived by defendants' failure to raise the issue earlier in the proceedings. We affirm the district court's denial of defendants-appellants summary judgment motion. We agree with the finding of waiver to the extent that the district court found the qualified immunity defense waived for the pre-trial stage, and we reverse to the extent that it found the defense waived for the purposes of trial. I. BACKGROUND I. BACKGROUND On June 27, 1989, plaintiff-appellee H ctor Guzm n- Rivera was convicted of murder and sentenced to 119 years imprisonment. Guzm n's father, H ctor Guzm n-Fern ndez, began an independent investigation into the murder for which his son had been convicted and eventually uncovered proof of Guzm n's innocence. Guzm n was released on June 15, 1990. Guzm n and members of his family subsequently filed suit against the Secretary of Justice of Puerto Rico and two other Justice Department officials under 42 U.S.C. 1983. The suit alleged that the defendants had failed to reinvestigate the facts of Guzm n's case with adequate speed and to move for his release even after his innocence had been established. -2- In Guzm n-Rivera v. Rivera-Cruz, 29 F.3d 3 (1st Cir. _____________ ___________ 1994) (Guzm n I) we vacated the district court's grant of summary ________ judgment for defendants on statute of limitations grounds and remanded. In Guzm n-Rivera v. Rivera-Cruz, 55 F.3d 26 (1st Cir. _____________ ___________ 1995) (Guzm n II), we reviewed the district court's denial of _________ defendants' motion for summary judgment on absolute immunity grounds. We found that the defendants are not "entitled to absolute immunity for any delays or inadequacies in their conduct of the investigation," but that "they are absolutely immune for their post-investigation failure to go into court to seek Guzm n's release." Id. at 28. ___ The case is now before us again. For the third time, we are presented with an appeal from the district court's ruling on a summary judgment motion. This time, the appeal is from a denial of summary judgment on qualified immunity grounds. The summary judgment motion was denied by the district court on the grounds of waiver; "[d]efendants have had ample opportunity to raise this defense during the district court's prolonged proceedings as well as through two appeals . . . . Thus, we find that defendants' waived the qualified immunity defense." Order of the District Court, August 4, 1995.  II. STANDARD OF REVIEW II. STANDARD OF REVIEW We review the denial of summary judgment de novo, ________ applying the same decisional standard as the district court. Wyner v. North Am. Specialty Ins. Co., 78 F.3d 752, 754 (1st Cir. _____ ____________________________ 1996). Summary judgment is appropriate where the record, viewed -3- in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Id. ___ III. LEGAL ANALYSIS III. LEGAL ANALYSIS The doctrine of qualified immunity offers public officials a defense against liability under 42 U.S.C. 1983. See, e.g., G mez v. Toledo, 446 U.S. 635, 639 (1980). T h e ___ ____ _____ ______ qualified immunity defense exists not only to shield officials from liability for damages, but also to protect them from "the general costs of subjecting officials to the risks of trial -- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Harlow v. Fitzgerald, 457 U.S. 800, 816 ______ __________ (1982). Because the doctrine of qualified immunity recognizes that litigation is costly to defendants, officials may plead the defense at various stages in the proceedings. Specifically, defendants may raise a claim of qualified immunity at three distinct stages of the litigation. First defendants may raise the defense on the pleadings, in a motion to dismiss. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Second, if a ________ _______ defendant cannot obtain a dismissal on the pleadings, he or she -4- may move for summary judgment and "is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Id. Finally, the defense is, of course, ___ available at trial. See Behrens v. Pelletier, __ U.S. __, 116 S. ___ _______ _________ Ct. 834, 839 (1996); Unwin v. Campbell, 863 F.2d 124, 132 n.5 _____ ________ (1st Cir. 1988); Kennedy v. City of Cleveland, 797 F.2d 297, 299 _______ _________________ (6th Cir. 1986), cert. denied, 479 U.S. 1103 (1987). ____________ Furthermore, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. 1291 notwithstanding the absence of a final judgment." Mitchell, 472 U.S. at 530. This is so regardless of whether the ________ denial takes place at the pleadings stage or at summary judgment. See Zayas-Green v. Casaine, 906 F.2d 18, 22 (1st Cir. 1990) ___ ___________ _______ (citing Mitchell, 472 U.S. at 526-27); Valiente v. Rivera, 966 ________ ________ ______ F.2d 21, 23 (1st Cir. 1992). The right to immediate appeal of a district court's denial of a motion for summary judgment based on qualified immunity was recently confirmed in Behrens v. Pelletier, __ U.S. _______ _________ __, 116 S. Ct. 834. In that case, the Court noted that a district court's rejection of a qualified immunity defense at either the dismissal or summary judgment phase is a final order, and stated that "[s]ince an unsuccessful appeal from the denial of dismissal cannot possibly render the later denial of a motion from summary judgment any less 'final,'" an appeal at the -5- dismissal stage does not limit the right to appeal at the summary judgment stage. Id. at 839. ___ These considerable rights to raise and appeal the defense of qualified immunity are not, however, unlimited.  Qualified immunity is an affirmative defense, and the "burden of pleading it rests with the defendant." G mez, 446 U.S. at 640. _____ "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." Kennedy, 797 _______ F.2d at 300. The Sixth Circuit, faced with the issue of waiver at the pleadings stage in English v. Dyke, 23 F.3d 1086 (1994), _______ ____ concluded that "a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second pre-answer motion to dismiss." Id. at 1090. Importantly, the ___ court added that "[s]uch a waiver . . . would generally only waive the defense for the stage at which the defense should have been asserted." Id. The Sixth Circuit case law on which English ___ _______ relies evidenced a concern that the right to move for dismissal on the grounds of qualified immunity and the corresponding right to appeal can be used for purposes of delay. See, e.g., Kennedy, ___ ____ _______ 797 F.2d at 301; Yates v. City of Cleveland, 941 F.2d 444, 448-49 _____ _________________ (6th Cir. 1991). We share these concerns. Delay generated by claims of qualified immunity may work to the disadvantage of the plaintiff. Witnesses may become unavailable, memories may fade, attorneys fees accumulate, and deserving plaintiffs' recovery is delayed. -6- See Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) ___ _______ _______ ("Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals."). Delay is also costly to the court system, demanding more time and energy from the court and retarding the disposition of cases. We must balance the need to protect public officials from frivolous suits with the need to have cases resolved expeditiously. Without some limit on the ability of defendants to raise immunity issues, any suit implicating the defenses of absolute and qualified immunity faces the possibility of at least three independent motions for summary judgment: (i) a motion for summary judgment on the non-immunity defenses, (ii) a motion for summary judgment based on absolute immunity, which can be appealed immediately; (iii) a motion for qualified immunity which can also be appealed immediately. The potential for delay is considerable. In the instant case, for example, defendants have filed two post-discovery motions for summary judgment and one motion to dismiss that was converted to a motion for summary judgment.1 In order to reduce the potential for abuse by defendants, we believe that the defense of qualified immunity may be deemed to have been waived if it is not raised in a diligent  ____________________ 1 Although Fed. R. Civ. P. 56 states that defendants may move for summary judgment "at any time," we do not believe that this precludes us from establishing some limits to the ability of defendants to use the protection of qualified immunity to slow the progress of the case. -7- manner during the post-discovery, pre-trial phase. To find otherwise is to invite strategic use of the defense by defendants who stand to benefit from delay. This ruling does not inhibit the ability of defendants to raise a defense of qualified immunity and benefit from the protections it offers. Our ruling today in no way prevents a defendant from raising the defense of qualified immunity at summary judgment, regardless of whether it was raised prior to discovery. We, therefore, adopt the position of the Sixth Circuit that the district court has the discretion to deny motions for summary judgment that are not filed in an expeditious manner. [T]he trial judge retains discretion not only to set cut off dates for discovery but to cut off motions for summary judgment, even those which may challenge the plaintiff's right to go to trial on the basis of absolute or qualified immunity. The quid pro quo is obvious: in exchange for the defendant's right to interrupt the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right. Kennedy, 797 F.2d at 301; See also English, 23 F.3d at 1090 _______ ________ _______ ("[T]he trial court has discretion to find a waiver if a defendant fails to assert the defense within the time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes."). We add that district courts are encouraged to enter scheduling orders to prevent dilatory tactics on the part of defendants with qualified immunity defenses. Absent an abuse of -8- discretion, this court will enforce those scheduling deadlines by affirming a finding of waiver and awarding double costs. IV. APPLICATION OF THE ANALYSIS IV. APPLICATION OF THE ANALYSIS In the case before us, defendants-appellants chose to raise the defense of qualified immunity only at the summary judgment stage. As the above discussion indicates, failure to raise the issue on the pleadings does not constitute waiver of the right to raise the defense post-discovery. Were this the only question before us, there would be no waiver. In the instant case, however, defendants raised the qualified immunity defense very late in the pre-trial, post- discovery phase, despite the fact that they had ample opportunity to have the issue resolved expeditiously earlier in the proceedings, rather than generating additional delay by filing this third motion for summary judgment. The question before this court, therefore, is whether the defendants waived the right to raise the defense at this stage by failing to do so in a diligent _____________ manner and by failing to offer an explanation for the delay. Upon de novo review, we hold that the defense of qualified _______ immunity has been waived for the pre-trial stage. We note first, that because the qualified immunity defense "depends on the facts peculiarly within the knowledge and control of the defendant[s]," G mez 446 U.S. at 641, we see no _____ reason why defendants were unable to raise the defense earlier than they did. What is more, they have not offered any explanation for their delay. -9- The record shows that defendants had several opportunities to raise the qualified immunity defense post- discovery. First, they could have filed a summary judgment motion between the completion of discovery and the deadline for dispositive motions: March 15 and March 30, 1993, respectively. Defendants chose instead to await the outcome of their motion to dismiss (converted to a motion for summary judgment) based on time bar and absolute immunity, for which they filed a Memorandum of Law on May 5, 1992. Although the failure to include the qualified immunity defense in this initial motion for summary judgment does not, by itself, constitute a waiver for the purposes of the current appeal, it is noteworthy that, had defendants included the issue in the motion and subsequently argued all three defenses (time bar, absolute immunity, and qualified immunity) on appeal, this Court would have resolved all three issues in the course of a single appeal. Second, the parties filed a Joint Pretrial Order on February 2, 1993. District of Puerto Rico Local Rule 314.3(E) requires each party to set forth its theory in this order. Defendants failed to mention qualified immunity as part of their legal theory. Additionally, having lost in their efforts to dismiss the case based on time bar, defendants could have filed for summary judgment based on qualified immunity. Instead, defendants waited almost four months until November 1, 1994, six days before trial was scheduled to begin, to file an "Urgent -10- Motion for Relief," seeking summary judgment on absolute immunity grounds. On appeal, this Court stated that "[w]e are left to wonder why absolute immunity was originally pled as a defense, abandoned in the initial appeal, and then resurrected as an emergency on remand." Guzm n II, 55 F.3d at 27. Because "[t]he _________ district court nevertheless denied the motion on the merits," this Court did not consider the absolute immunity defense waived. Id. This second summary judgment motion gave the defendants an ___ additional opportunity to raise the defense of qualified immunity, but they chose instead to argue only absolute immunity. On November 4, 1994, the same day that the trial court denied the motion for summary judgment based on absolute immunity, defendants filed their Answer to the Amended Complaint and a Notice of Appeal. The qualified immunity defense appears on the scene for the first time in the Answer. Defendants have offered no explanation for the failure to include the qualified immunity defense in the motion for summary judgment filed only three days before the Answer. It was not until almost eight months later, on July 21, 1995, that defendants moved -- in their third such motion -- for summary judgment based on qualified immunity. As the record indicates, the piecemeal fashion in which defendants have brought forward their defense is unduly time consuming for the courts and potentially prejudicial to the plaintiff. Upon de novo review, we therefore find the defense of _______ qualified immunity to have been waived for the current stage of -11- the litigation: the defense has been available to defendants since early in the litigation and, as the district court correctly found, the plaintiff has been prejudiced by the defendants' intentional strategy of delay. This decision does not imply, however, that the defense has been waived for other stages of the litigation. Because the defense of qualified immunity may be raised and appealed at multiple stages of the trial, it would be inappropriate to find waiver for all stages in the current case. We need not decide whether a sufficient showing of prejudice to the plaintiff would result in waiver for all stages: even assuming so arguendo, there ________ is no such showing in the instant case. Our decision thus leaves defendants free to present the qualified immunity defense at trial, despite the fact that the defense is waived for pre-trial purposes. We add that defendants' reliance on Valiente v. Rivera, ________ ______ 966 F.2d 21 (1st Cir. 1992), is misplaced. In that case, this Court ruled that a motion for summary judgment filed on the eve of the originally scheduled trial date could not be denied as untimely where a new trial date had been scheduled. Instead, the timeliness of the motion had to be viewed in light of the new date. Id. at 23. In this case, the problem is not that the ___ defense has filed a motion on the eve of trial. Rather, it is that defendants have pursued a strategy of delay which has prejudiced the plaintiff and abused the judicial process. We believe, as we have already stated, that some limits must be -12- placed on the ability of defendants to use their immunity defenses to frustrate and delay the rights of plaintiffs. V. CONCLUSION V. CONCLUSION We affirm the district court's finding of waiver and affirm ______ denial of defendants' summary judgment motion. In light of this finding, we need not reach the merits of the qualified immunity claim. Considering the intentional delay imposed on the case by defendants-appellants, we hereby order defendants-appellants to pay double costs. -13-