**CIENA CORPORATION, a Delaware Corporation, and Ciena Properties, Inc., a Delaware Corporation, Plaintiffs,**

v.

**CORVIS CORPORATION, a Delaware Corporation, Defendant.**

No. CIV.A. 00–662–JJF.

United States District Court, D. Delaware.

Sept. 9, 2004.

William J. Marsden, Jr., Esquire and Thomas L. Halkowski, Esquire of Fish & Richardson P.C., Wilmington, DE, Of Counsel: Ruffin B. Cordell, Esquire; Michael J. McKeon, Esquire; Joseph V. Colaianni, Jr., Esquire; and Lauren A. Degnan, Esquire of Fish & Richardson P.C., Washington, D.C., for Plaintiffs.

Neal C. Belgam, Esquire and Dale R. Dubé, Esquire of Blank Rome LLP, Wilmington, DE, Of Counsel: George M. Sirilla, Esquire; Robert A. Gutkin, Esquire; and Blair M. Jacobs, Esquire of Pillsbury Winthrop LLP, McLean, VA, for Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion For The Immediate Entry Of An Injunction (D.I.561) filed by Plaintiffs CIENA Corporation and CIENA Properties, Inc. (collectively, "CIENA"). By its Motion CIENA contends that it is entitled to an order enjoining Defendant Corvis Corporation ("Corvis") from continued infringement of U.S. Patent Nos. 5,504,609 (the "'609 patent") and 5,938,309 (the "'309 patent"). For the reasons discussed, the Court will grant CIENA's Motion as it pertains to the '309 patent and deny the Motion as it pertains to the '609 patent.

## DISCUSSION

By its Motion, CIENA contends that it is entitled to a permanent injunction based on the jury's verdict that Corvis literally infringed the '309 and '609 patents. CIENA contends that it will be irreparably harmed if a permanent injunction is not issued, because Corvis is continuing to infringe the '309 and '609 patents through work with the Government and through its subsidiary Broadwing Communications Services, Inc. (D.I.578). By letter, CIENA advised the Court of Corvis' newly created subsidiary and attached a press release indicating that Corvis intends to add an additional 1,200 miles of optical telecommunications network, which CIENA maintains infringes its patents. CIENA also directs the Court to public pronouncements from Corvis stating Corvis' position that the jury verdicts will unlikely have a significant impact on Corvis and emphasizing that no injunction has been issued against Corvis. (D.I. 562 at 1, citing Transcript, Corvis Corporation Q1 2003 Financial Release Conference Call (Apr. 29, 2003) at 8).

In response, Corvis contends that CIENA has not demonstrated that it is entitled to an injunction. Corvis contends that CIENA cannot show irreparable harm, because CIENA never manufactured any products based on its patents. Corvis contends that CIENA cannot show that it will be harmed in a marketplace in which it has not participated. Corvis also contends that evidence adduced at trial suggests that any downturn in CIENA's business was attributable to economic conditions and not Corvis' alleged infringement of the patents. Corvis maintains that it is a much smaller company than CIENA with a smaller customer base, and therefore, it cannot be said to be a cause of irreparable harm to CIENA. With respect to its Government work, Corvis contends that its work is protected under 28 U.S.C. § 1498. With respect to its infringement of the '609 patent, Corvis contends that it is licensed to practice the '609 patent by virtue of its acquisition of GIEC through a Stock Purchase Agreement dated June 10, 2002.[1]

■ Pursuant to 35 U.S.C. § 283, the Court is authorized to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." The decision to grant or deny an injunction is reserved to the discretion of the Court. *Biacore, AB v. Thermo Bioanalysis Corp.*, 79 F.Supp.2d 422, 473 (D.Del.1999). As a general rule, however, an injunction should be entered once infringement has been established, unless there is a sufficient reason for denying it. *Id.*

■ Corvis contends that CIENA has not demonstrated that it will be irreparably harmed such that entry of an injunction is required. However, CIENA is entitled to a presumption of irreparable harm as a result of the jury's finding of infringement. *See H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir.1987). In the Court's view, Corvis has failed to rebut this presumption of irreparable harm. Corvis' status as a small company is insufficient to demonstrate that CIENA will not be irreparably harmed by Corvis' continued infringement of the '609 and '309 patents. Indeed, even evidence that a company is likely to go out of business if an injunction is issued is not a sound reason for denying injunctive relief. *Biacore*, 79 F.Supp.2d at 473.

■ As for Corvis' contention that an injunction should be denied, because its work with the Government is protected under 28 U.S.C. § 1498(a), the Court has reviewed Section 1498(a) which, in pertinent part, provides:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture . . .

> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

---

1. Corvis also contends that entry of an injunction is not proper because issues regarding the reverse doctrine of equivalents are outstanding. The Court has since resolved these issues, and therefore, Corvis' argument is now moot.

The Federal Circuit has recognized that "[a] supplier or potential supplier of an infringing product for the government is 'immune' from injunctive relief barring manufacture, sale, or bidding to supply such a product." *Trojan, Inc. v. Shat–R–Shield, Inc.*, 885 F.2d 854, 856 (Fed.Cir. 1989) (citing *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281–1282 (Fed.Cir.1988)). Thus, a court cannot enjoin a private party from manufacturing, bidding to supply, or participating in the sale of an infringing product to the United States. However, the Federal Circuit has also held that injunctions need not be modified so as to account for Section 1498, because Section 1498 by its operation preserves a party's ability to bid on and participate in the sale to the United States of products which infringe another's patents. *Garlock*, 842 F.2d at 1282 (declining to modify injunction, despite possibility that defendant might bid on government contracts). Accordingly, the Court cannot agree with Corvis that Section 1498 prevents the Court from issuing an injunction in this case.

Corvis next contends that it is licensed to practice the '609 patent, and therefore, permanent injunctive relief is not appropriate. It appears to the Court that CIENA does not challenge the validity of Corvis' license defense, but contends that Corvis waived its license defense by failing to assert its license defense during the trial.[2] Relying on the Joint Pre–Trial Order which identified licensing issues as issues remaining to be litigated, CIENA contends that Corvis deliberately chose, on the eve of trial, not to present evidence concerning its license defense and to omit the defense from its proposed jury instructions, verdict form and special interrogatories. CIENA contends that the jury's verdict encompasses infringement up and through the date of the jury's verdict, and Corvis should not now be permitted to resurrect the defense it should have asserted during the trial.

Corvis counters that the licensing issue has not been adjudicated by the Court, because Corvis was precluded from raising this issue. First, Corvis contends that future alleged acts of infringement were precluded from the jury's consideration, because they would not have presented a resolvable case or controversy. Second, Corvis contends that the Court granted CIENA's motion in limine to preclude Corvis from mentioning CIENA's injunctive claim, and therefore, Corvis was procedurally precluded by the Court's rulings from advancing its license defense.

■ A license to practice a patented invention is an affirmative defense upon which the accused infringer bears the burden of proof. *See Intel Corp. v. United States Int'l Trade Comm'n*, 946 F.2d 821, 828 (Fed.Cir.1991). Affirmative defenses "must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy." *Robinson v. Johnson*, 313 F.3d 128, 137 (3d Cir.2002). As a general rule, the Court has the discretion to find that a defendant waived a defense if it is not asserted timely, or if the Court otherwise finds that a defendant failed to exercise due diligence or has asserted the defense for dilatory purposes. *Eddy v. Virgin Islands Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir.2001) (quoting *English v. Dyke*, 23 F.3d 1086,

**2.** CIENA also contends that Corvis intentionally failed to disclose the 2002 Agreement during discovery. However, Corvis has offered evidence in a letter to the Court demonstrating that this Agreement was disclosed, and CIENA has not challenged that evidence. (D.I.572). Accordingly, the Court will disregard CIENA's argument to preclude Corvis from relying on the 2002 Agreement based on a violation of the discovery rules.

1090 (6th Cir.1994)); *see also Williams v. Runyon*, 130 F.3d 568, 573–574 (3d Cir. 1997).

■ The Court concludes that Corvis should not be precluded from asserting its license as a defense to injunctive relief, because CIENA's claim for injunctive relief has not been previously adjudicated by the Court or the jury. However, the Court will not, at this time, consider what impact, if any, Corvis' failure to assert the license defense during trial may have on any monetary claim for damages sought by CIENA. Accordingly, the Court concludes that any injunctive relief ordered by the Court will not include the '609 patent, because the Court concludes, at this juncture, that Corvis is licensed to practice the invention claimed in the '609 patent.

With regard to the '309 patent, the Court concludes that Corvis has not provided any reason why injunctive relief should not be granted or why such relief should be stayed. Corvis' work with the Government is automatically exempted from any injunction entered by the Court, and Corvis' does not argue that its license applies to the '309 patent. CIENA is entitled to a presumption of irreparable harm as a result of the jury's verdict, and the Court finds that Corvis has not rebutted this presumption. Further, the Court finds that the public interest weighs in favor of protecting the patent owner's rights, because the "principal value of a patent is its statutory right to exclude others from the unlicensed practice of the invention." *Rohm and Haas Co. v. Mobil Oil Corp.*, 718 F.Supp. 274, 332 (D.Del. 1989). Accordingly, the Court will enter an injunction prohibiting Corvis from infringing the '309 patent.

## CONCLUSION

For the reasons discussed, the Court will grant CIENA's Motion For The Immediate Entry Of An Injunction as it pertains to the '309 patent and deny the Motion as it pertains to the '609 patent.

An appropriate Order will be entered.

### *INJUNCTION ORDER*

At Wilmington, this 9th day of September 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Motion For The Immediate Entry Of An Injunction filed by Plaintiffs CIENA Corporation and CIENA Properties, Inc. (D.I.561) is GRANTED with respect to United States Patent No. 5,938,-309 and DENIED with respect to United States Patent No. 5,504,609.

2. Pursuant to 35 U.S.C. § 283, Corvis Corporation, and its officers, agents, servants, employees, attorneys, successors, assigns, subsidiaries, and those persons in active concert or participation with them who receive notice of this judgment by personal service or otherwise are hereby enjoined during the term of United States Patent No. 5,938,309 (the " '309 patent") from:

(a) making, using, offering to sell, or selling within the United States or importing into the United States (as defined in 35 U.S.C. 271(a)) any system that infringes the adjudicated claims of the '309 patent;

(b) actively inducing the infringement of the adjudicated claims of the '309 patent (as defined in 35 U.S.C. 271(b)); and

(c) offering to sell or selling within the United States or importing into the United States any component especially made or especially adapted for use in an infringement of the adjudicated claims of the '309 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use (as defined in 35 U.S.C. 271(c)), such components including, but not

limited to, the Corvis OC–192 Transceiver Module, the Corvis Optical Network Gateway, the Corvis Transmitter Module, and the Corvis Receiver Module.