Héctor GUZMÁN–RIVERA, et al., Plaintiffs—Appellees,

v.

Hector RIVERA–CRUZ, et al., Defendants—Appellants.

No. 95–2054.

United States Court of Appeals, First Circuit.

Heard July 31, 1996.

Decided Oct. 28, 1996.

---

Esther Castro–Schmidt, Bayamon, PR, with whom José R. Gaztambide, Luis A. Plaza–Mariota, Elisa Bobonis–Lang and Gaz-

tambide & Plaza, Hato Rey, PR, were on brief, for defendants–appellants.

Victoria A. Ferrer, Trujillo Alto, PR, for plaintiffs–appellees.

Before TORRUELLA, Chief Judge, and CYR and LYNCH, Circuit Judges.

TORRUELLA, Chief Judge.

The parties come before us for the third time in as many years. This time, defendants-appellants appeal the district court's denial of their motion for summary judgment based on qualified immunity. The district court found the qualified immunity defense to have been waived by defendants' failure to raise the issue earlier in the proceedings. We affirm the district court's denial of defendants-appellants summary judgment motion. We agree with the finding of waiver to the extent that the district court found the qualified immunity defense waived for the pretrial stage, and we reverse to the extent that it found the defense waived for the purposes of trial.

## I. BACKGROUND

On June 27, 1989, plaintiff-appellee Héctor Guzmán–Rivera was convicted of murder and sentenced to 119 years imprisonment. Guzmán's father, Héctor Guzmán–Fernández, began an independent investigation into the murder for which his son had been convicted and eventually uncovered proof of Guzmán's innocence. Guzmán was released on June 15, 1990. Guzmán and members of his family subsequently filed suit against the Secretary of Justice of Puerto Rico and two other Justice Department officials under 42 U.S.C. § 1983. The suit alleged that the defendants had failed to reinvestigate the facts of Guzmán's case with adequate speed and to move for his release even after his innocence had been established.

In *Guzmán–Rivera v. Rivera–Cruz*, 29 F.3d 3 (1st Cir.1994) (*Guzmán I* ) we vacated the district court's grant of summary judgment for defendants on statute of limitations grounds and remanded. In *Guzmán–Rivera v. Rivera–Cruz*, 55 F.3d 26 (1st Cir.1995) (*Guzmán II* ), we reviewed the district court's denial of defendants' motion for sum-

mary judgment on absolute immunity grounds. We found that the defendants are not "entitled to absolute immunity for any delays or inadequacies in their conduct of the investigation," but that "they are absolutely immune for their post-investigation failure to go into court to seek Guzmán's release." *Id.* at 28.

The case is now before us again. For the third time, we are presented with an appeal from the district court's ruling on a summary judgment motion. This time, the appeal is from a denial of summary judgment on qualified immunity grounds. The summary judgment motion was denied by the district court on the grounds of waiver; "[d]efendants have had ample opportunity to raise this defense during the district court's prolonged proceedings as well as through two appeals.... Thus, we find that defendants waived the qualified immunity defense." Order of the District Court, August 4, 1995.

## II. STANDARD OF REVIEW

We review the denial of summary judgment *de novo*, applying the same decisional standard as the district court. *Wyner v. North Am. Specialty Ins. Co.*, 78 F.3d 752, 754 (1st Cir.1996). Summary judgment is appropriate where the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

## III. LEGAL ANALYSIS

The doctrine of qualified immunity offers public officials a defense against liability under 42 U.S.C. § 1983. *See, e.g., Gómez v. Toledo*, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The qualified immunity defense exists not only to shield officials from liability for damages, but also to protect them from "the general costs of subjecting officials to the risks of trial— distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).

Because the doctrine of qualified immunity recognizes that litigation is costly to defendants, officials may plead the defense at various stages in the proceedings. Specifically, defendants may raise a claim of qualified immunity at three distinct stages of the litigation. First defendants may raise the defense on the pleadings, in a motion to dismiss. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Second, if a defendant cannot obtain a dismissal on the pleadings, he or she may move for summary judgment and "is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Id.* Finally, the defense is, of course, available at trial. *See Behrens v. Pelletier*, —— U.S. ——, ——, 116 S.Ct. 834, 839, 133 L.Ed.2d 773 (1996); *Unwin v. Campbell*, 863 F.2d 124, 132 n. 5 (1st Cir. 1988); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir.1986), *cert. denied*, 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987).

Furthermore, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell*, 472 U.S. at 530, 105 S.Ct. at 2817. This is so regardless of whether the denial takes place at the pleadings stage or at summary judgment. *See Zayas–Green v. Casaine*, 906 F.2d 18, 22 (1st Cir.1990) (citing *Mitchell*, 472 U.S. at 526–27, 105 S.Ct. at 2815–16); *Valiente v. Rivera*, 966 F.2d 21, 23 (1st Cir. 1992).

The right to immediate appeal of a district court's denial of a motion for summary judgment based on qualified immunity was recently confirmed in *Behrens v. Pelletier*, —— U.S. ——, 116 S.Ct. 834, 133 L.Ed.2d 773. In that case, the Court noted that a district court's rejection of a qualified immunity defense at either the dismissal or summary judgment phase is a final order, and stated that "[s]ince an unsuccessful appeal from the denial of dismissal cannot possibly render the later denial of a motion from summary judgment any less 'final,'" an appeal at the dismissal stage does not limit the right to appeal at the summary judgment stage. *Id.* at ——, 116 S.Ct. at 839.

These considerable rights to raise and appeal the defense of qualified immunity are not, however, unlimited. Qualified immunity is an affirmative defense, and the "burden of pleading it rests with the defendant." *Gómez*, 446 U.S. at 640, 100 S.Ct. at 1924. "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." *Kennedy*, 797 F.2d at 300.

The Sixth Circuit, faced with the issue of waiver at the pleadings stage in *English v. Dyke*, 23 F.3d 1086 (1994), concluded that "a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second pre-answer motion to dismiss." *Id.* at 1090. Importantly, the court added that "[s]uch a waiver ... would generally only waive the defense for the stage at which the defense should have been asserted." *Id.* The Sixth Circuit case law on which *English* relies evidenced a concern that the right to move for dismissal on the grounds of qualified immunity and the corresponding right to appeal can be used for purposes of delay. *See, e.g., Kennedy*, 797 F.2d at 301; *Yates v. City of Cleveland*, 941 F.2d 444, 448–49 (6th Cir.1991).

We share these concerns. Delay generated by claims of qualified immunity may work to the disadvantage of the plaintiff. Witnesses may become unavailable, memories may fade, attorneys fees accumulate, and deserving plaintiffs' recovery is delayed. *See Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir.1989) ("Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals."). Delay is also costly to the court system, demanding more time and energy from the court and retarding the disposition of cases.

We must balance the need to protect public officials from frivolous suits with the need to have cases resolved expeditiously. Without some limit on the ability of defendants to raise immunity issues, any suit implicating the defenses of absolute and qualified immunity faces the possibility of at least three independent motions for summary judgment: (i) a motion for summary judgment on the non-immunity defenses, (ii) a motion for summary judgment based on absolute immunity, which can be appealed immediately; (iii) a motion for summary judgment based on qualified immunity which can also be appealed immediately. The potential for delay is considerable. In the instant case, for example, defendants have filed two post-discovery motions for summary judgment and one motion to dismiss that was converted to a motion for summary judgment.[1]

■■■ In order to reduce the potential for abuse by defendants, we believe that the defense of qualified immunity may be deemed to have been waived if it is not raised in a diligent manner during the post-discovery, pre-trial phase. To find otherwise is to invite strategic use of the defense by defendants who stand to benefit from delay. This ruling does not inhibit the ability of defendants to raise a defense of qualified immunity and benefit from the protections it offers. Our ruling today in no way prevents a defendant from raising the defense of qualified immunity at summary judgment, regardless of whether it was raised prior to discovery.

■■■ We, therefore, adopt the position of the Sixth Circuit that the district court has the discretion to deny motions for summary judgment that are not filed in an expeditious manner.

[T]he trial judge retains discretion not only to set cut off dates for discovery but to cut off motions for summary judgment, even those which may challenge the plaintiff's right to go to trial on the basis of absolute or qualified immunity. The quid pro quo is obvious: in exchange for the defendant's right to interrupt the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right.

*Kennedy,* 797 F.2d at 301; *See also English,* 23 F.3d at 1090 ("[T]he trial court has discretion to find a waiver if a defendant fails to assert the defense within the time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes.").

We add that district courts are encouraged to enter scheduling orders to prevent dilatory tactics on the part of defendants with qualified immunity defenses. Absent an abuse of discretion, this court will enforce those scheduling deadlines by affirming a finding of waiver and awarding double costs.

## IV. APPLICATION OF THE ANALYSIS

■■■ In the case before us, defendants-appellants chose to raise the defense of qualified immunity only at the summary judgment stage. As the above discussion indicates, failure to raise the issue on the pleadings does not constitute waiver of the right to raise the defense post-discovery. Were this the only question before us, there would be no waiver.

In the instant case, however, defendants raised the qualified immunity defense very late in the pre-trial, post-discovery phase, despite the fact that they had ample opportunity to have the issue resolved expeditiously earlier in the proceedings, rather than generating additional delay by filing this third motion for summary judgment. The question before this court, therefore, is whether the defendants waived the right to raise the defense *at this stage* by failing to do so in a diligent manner and by failing to offer an explanation for the delay. Upon *de novo* review, we hold that the defense of qualified immunity has been waived for the pre-trial stage.

We note first, that because the qualified immunity defense "depends on the facts peculiarly within the knowledge and control of the defendant[s]," *Gómez* 446 U.S. at 641, 100 S.Ct. at 1924, we see no reason why defendants were unable to raise the defense

---

1. Although Fed.R.Civ.P. 56 states that defendants may move for summary judgment "at any time," we do not believe that this precludes us from establishing some limits to the ability of defendants to use the protection of qualified immunity to slow the progress of the case.

earlier than they did. What is more, they have not offered any explanation for their delay.

The record shows that defendants had several opportunities to raise the qualified immunity defense post-discovery. First, they could have filed a summary judgment motion between the completion of discovery and the deadline for dispositive motions: March 15 and March 30, 1993, respectively. Defendants chose instead to await the outcome of their motion to dismiss (converted to a motion for summary judgment) based on time bar and absolute immunity, for which they filed a Memorandum of Law on May 5, 1992. Although the failure to include the qualified immunity defense in this initial motion for summary judgment does not, by itself, constitute a waiver for the purposes of the current appeal, it is noteworthy that, had defendants included the issue in the motion and subsequently argued all three defenses (time bar, absolute immunity, and qualified immunity) on appeal, this Court would have resolved all three issues in the course of a single appeal.

Second, the parties filed a Joint Pretrial Order on February 2, 1993. District of Puerto Rico Local Rule 314.3(E) requires each party to set forth its theory in this order. Defendants failed to mention qualified immunity as part of their legal theory.

Additionally, having lost in their efforts to dismiss the case based on time bar, defendants could have filed for summary judgment based on qualified immunity. Instead, defendants waited almost four months until November 1, 1994, six days before trial was scheduled to begin, to file an "Urgent Motion for Relief," seeking summary judgment on absolute immunity grounds. On appeal, this Court stated that "[w]e are left to wonder why absolute immunity was originally pled as a defense, abandoned in the initial appeal, and then resurrected as an emergency on remand." *Guzmán II*, 55 F.3d at 27. Because "[t]he district court nevertheless denied the motion on the merits," this Court did not consider the absolute immunity defense waived. *Id.* This second summary judgment motion gave the defendants an additional opportunity to raise the defense of qualified immunity, but they chose instead to argue only absolute immunity.

On November 4, 1994, the same day that the trial court denied the motion for summary judgment based on absolute immunity, defendants filed their Answer to the Amended Complaint and a Notice of Appeal. The qualified immunity defense appears on the scene for the first time in the Answer. Defendants have offered no explanation for the failure to include the qualified immunity defense in the motion for summary judgment filed only three days before the Answer. It was not until almost eight months later, on July 21, 1995, that defendants moved—in their third such motion—for summary judgment based on qualified immunity.

As the record indicates, the piecemeal fashion in which defendants have brought forward their defense is unduly time consuming for the courts and potentially prejudicial to the plaintiff. Upon *de novo* review, we therefore find the defense of qualified immunity to have been waived for the current stage of the litigation: the defense has been available to defendants since early in the litigation and, as the district court correctly found, the plaintiff has been prejudiced by the defendants' intentional strategy of delay.

This decision does not imply, however, that the defense has been waived for other stages of the litigation. Because the defense of qualified immunity may be raised and appealed at multiple stages of the trial, it would be inappropriate to find waiver for all stages in the current case. We need not decide whether a sufficient showing of prejudice to the plaintiff would result in waiver for all stages: even assuming so *arguendo*, there is no such showing in the instant case. Our decision thus leaves defendants free to present the qualified immunity defense at trial, despite the fact that the defense is waived for pre-trial purposes.

We add that defendants' reliance on *Valiente v. Rivera*, 966 F.2d 21 (1st Cir.1992), is misplaced. In that case, this Court ruled that a motion for summary judgment filed on the eve of the originally scheduled trial date could not be denied as untimely where a new trial date had been scheduled. Instead, the

timeliness of the motion had to be viewed in light of the new date. *Id.* at 23. In this case, the problem is not that the defense has filed a motion on the eve of trial. Rather, it is that defendants have pursued a strategy of delay which has prejudiced the plaintiff and abused the judicial process. We believe, as we have already stated, that some limits must be placed on the ability of defendants to use their immunity defenses to frustrate and delay the rights of plaintiffs.

## V. CONCLUSION

We *affirm* the district court's finding of waiver and denial of defendants' summary judgment motion. In light of this finding, we need not reach the merits of the qualified immunity claim. Considering the intentional delay imposed on the case by defendants-appellants, we hereby order defendants-appellants to pay double costs.