**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1487

JAMES WARE,

Plaintiff, Appellant,

v.

MICHAEL T. MALONEY, IN HIS OFFICIAL CAPACITY AS
COMMISSIONER, SOUZA BARANOWSKI CORRECTIONAL CENTER, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, Senior U.S. District Judge*]

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

James Ware on brief pro se.
Nancy Ankers White, Special Assistant Attorney General, and
Margaret Melville, Department of Correction, on brief for
appellees.

January 14, 2005

*Of the Southern District of New York, sitting by designation.

**Per Curiam**. Pro se inmate James Ware appeals a district court order granting summary judgment in favor of defendant prison officials based on Ware's failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). We affirm, adding only the following comments.[1]

First, Ware has not shown that the district court erred in failing to find that defendants waived the exhaustion requirement. Defendants raised a failure-to-exhaust defense in their answer and in a renewed motion for summary judgment. Ware did not assert any prejudice, nor do we perceive any, as he was on notice of the exhaustion requirement and had ample time to oppose the renewed summary judgment motion. Thus, the district court did not abuse its discretion in considering the defendants' failure-to-exhaust defense. See Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664, 668 (1st Cir. 1996) (holding that decision on waiver of affirmative defense normally is within district court's discretion).

Also, Ware has not shown that the district court erred in finding that Ware had not exhausted his administrative remedies

---

[1]The district court's earlier grant of partial summary judgment for defendants is not properly before us, as Ware does not present any developed argumentation regarding that earlier decision. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting that failure to present argument on issue waives challenge to it).

with respect to the three grievances at issue.  We have considered Ware's arguments and deem them without merit.[2]

Ware's motion for a procedural order is <u>denied</u>.

The judgment of the district court is summarily <u>affirmed</u>. <u>See</u> Loc. R. 27(c).

---

[2]In view of this conclusion, we need not address defendants' separate contention that the district court's order may be affirmed based on defendants' qualified immunity.

-3-