**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———

No. 05-2322

ANTONIO COSTA-UREÑA, IVYS MARRERO; CONJUGAL PARTNERSHIP
COSTA-MARRERO; LUIS JIRAU; ADELAIDA JOESFINA CABRERA-AGUILAR;
CONJUGAL PARTNERSHIP JIRAU-CABRERA; CARLOS RUEDA-ARENAS;
SUSAN IVETTE FIGUEROA-NATAL; CONGJUAL PARTNERSHIP
RUEDA-FIEGUEROA,

Plaintiffs, Appellees,

v.

MILTON SEGARRA; ANÍBAL ACEVEDO VILÁ,

Defendants, Appellants,

———

WILLIAM MENDEZ, CONJUGAL PARTNERSHIP MENDEZ-DOE;
HYLSA SYLVA-JANER; CONJUGAL PARTNERSHIP DOE-SYLVA;
JOSE J. FAS; CONJUGAL PARTNERSHIP FAS-DOE; LILY ORONOZ;
CONJUGAL PARTNERSHIP DOE-ORONOZ; CONJUGAL PARTNERSHIP
SEGARRA-DOE; JOHN DOE,

Defendants.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

———

Before

Boudin, Chief Judge,

Lynch and Howard, Circuit Judges.

———

Eduardo A. Vera Ramírez, with whom Roberto Sanchez Ramos, Secretary of Justice, Salvador Antonetti Stutts, Solicitor General, Eileen Landrón Guardiola, Courtney R. Carroll and Landrón & Vera, LLP, were on brief, for appellants.

Marie Elsie Lopez Adames, with whom Gonzalez Lopez & Lopez Adames was on brief, for appellees.

―――――――――――――

July 13, 2006

―――――――――――――

**Per Curiam**. This is an interlocutory appeal of the denial of a motion for summary judgment brought by two defendants to a political discrimination lawsuit. One of the appellants is Aníbal Acevedo Vilá, the Governor of the Commonwealth of Puerto Rico. Acevedo Vilá is a substitute defendant to an official capacity claim for prospective injunctive relief initially lodged against his predecessor, Sila María Calderón. See Fed. R. Civ. P. 25(d). (Confusingly, plaintiffs-appellees argue as if former Governor Calderón remains a defendant, but she has not been a party to this action for quite some time). The other appellant is Milton Segarra, the Executive Director of the Commonwealth's Tourism Company, who has been sued in his individual capacity. Three former employees of the Tourism Company brought the action, which seeks damages from Segarra and the equitable remedy of reinstatement under federal and Commonwealth law.

The motion for summary judgment was based, in relevant part, on immunity defenses, Acevedo Vilá claiming Eleventh Amendment immunity, and Segarra invoking the application of qualified immunity. The district court disagreed, holding that the claims against the Governor were permissible under Ex parte Young, 209 U.S. 123, 155-56 (1908), and that genuine issues of material fact as to motive precluded summary judgment on the basis that the Executive Director was entitled to qualified immunity.

We start with the Governor's arguments. Acevedo Vilá says that the district court erred in two respects. First, the court overlooked the fact that plaintiffs do seek damages from him in his official capacity. Second, the court failed to appreciate that the pleadings and evidence are insufficient to establish the Governor's authority to order plaintiffs' reinstatement. In making the latter argument, the Governor invokes Ex parte Young's admonition that the case not be too broadly applied. See 209 U.S. at 157 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.").

We reject the Governor's argument pertaining to monetary relief. Our review of the record simply does not substantiate Acevedo Vilá's assertion that plaintiffs are seeking monetary damages from him. Of course, were it otherwise, plaintiffs' claim for monetary relief would be barred by the Eleventh Amendment. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-03 (1984). But the district court fully appreciated this. See Costa Ureña v. Segarra, Civil No. 02-2745 (JAF), slip op. at 3 (D.P.R. June 16, 2005). If the desire is to have the judgment modified to more explicitly state that the Governor is immune from

monetary liability in his official capacity, such a request should be directed to the trial court.

We also reject the Governor's request that he be relieved of the burden of defending against plaintiffs' claim for reinstatement. Initially, we doubt that we have jurisdiction to entertain the Governor's argument. Our jurisdiction under the collateral order doctrine encompasses only interlocutory appeals from denials of motions to dismiss based on the Eleventh Amendment, see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 141 (1993), and "inextricably intertwined" matters, see Nieves-Márquez v. Commonwealth of Puerto Rico, 353 F.3d 108, 123-24 (1st Cir. 2003). Although the Governor purports to base his exemption from suit on the Eleventh Amendment, it is difficult to see how the sovereignty interests the Amendment seeks to protect are implicated here. Clearly, some Commonwealth official could properly be ordered to reinstate plaintiffs, so this is not a situation where we are being asked, in substance, "to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." In re Ayers, 123 U.S. 443, 505 (1887). The official capacity claim against the Governor seeks nothing other than prospective injunctive relief, and the Eleventh Amendment is "wholly inapplicable" to such claims. Metcalf & Eddy, 506 U.S. at 146; cf. Swint v. Chambers County Comm'n, 514 U.S. 35 (1995) (refusal to dismiss on basis of

-5-

qualified immunity not immediately appealable as a collateral order insofar as refusal was based on an assertion that defendant was not the proper defendant).  In any event, even if we concluded that the Governor's argument properly was based on the Eleventh Amendment, we would reject his request for relief on the merits.  Cf. Parella v. Ret. Bd. of the R.I. Employees Retirement Sys., 173 F.3d 46, 53-57 (1st Cir. 1999) (courts may bypass jurisdictional inquiries involving the denial of an Eleventh Amendment defense where the merits of the underlying issue are easily resolved).  An Eleventh Amendment defense is waivable, and the proponent bears the burden of proof.  See Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 494 n.20 (1983); Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664, 667 (1st Cir. 1996).  Here, the Governor attempts to carry his burden by means of a one-sentence argument: that his undisputed power to make appointments under Puerto Rico law and to appoint the Executive Director of the Tourism Company are "legally insufficient bas[e]s to connect the Governor of the Commonwealth of Puerto Rico to the injunctive relief requested."  Why this is so is entirely unelaborated and far from self-evident.  We are at the very least dubious that an order from the Governor to the Executive Director of the Tourism Company that plaintiffs be reinstated would go unheeded.  But in any event, we are not inclined to address the merits of what may be a complicated issue of Commonwealth law

without assistance from the party bringing the appeal.  <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

Finally, the Executive Director's appeal fails on jurisdictional grounds.  The appeal does not argue that the district court misapplied clearly established federal law to the facts as those facts must be taken at the summary judgment stage.  Rather, the appeal, which challenges the <u>adequacy</u> of the evidence that the Executive Director harbored a discriminatory animus against plaintiffs and members of plaintiffs' political party, argues only that the court misread the evidence in arriving at the corpus of facts under which the legality of the Executive Director's conduct must be assessed.  Such an argument may not, under the collateral order doctrine, ground an interlocutory appeal from the denial of a motion to dismiss on qualified immunity grounds.  <u>See, e.g.</u>, <u>Johnson</u> v. <u>Jones</u>, 515 U.S. 304, 311 (1995); <u>Riverdale Mills Corp.</u> v. <u>Pimpare</u>, 392 F.3d 55, 60 (1st Cir. 2004).

**Affirmed in part; dismissed in part**.