**LOPEZ–ERQUICIA, Plaintiff,**

v.

**WEYNE–ROIG, et al., Defendants.**

**No. CIV. 13–1915 (GAG).**

United States District Court, D. Puerto Rico.

Signed May 26, 2015.

280

Claudio Aliff–Ortiz; David R. Rodriguez–Burns; Sheila J. Torres–Delgado; Eliezer Alberto Aldarondo–Lopez; Eliezer Aldarondo–Ortiz; Ivan M. Castro–Ortiz, for Plaintiff.

Luis N. Blanco–Matos, for Defendant.

### *MEMORANDUM AND ORDER*

GUSTAVO A. GELPÍ, District Judge.

Defendants seek leave of the court to amend their answer to the complaint for the sole purpose of asserting the qualified immunity defense, which had not been pleaded in their answer. (Docket No. 92.) As an initial note, Defendants' current counsel assumed their legal representation after all the initial pleadings had been filed and an initial scheduling conference had been held. (Docket Nos. 26 and 92.) Counsel for Defendants candidly questions why "this most basic of defenses was not raised in Defendants' responsive pleading." (Docket No. 92 at 2.) Though Defendants had not pleaded the defense of qualified immunity in their initial responsive pleading, Defendants did raise the defense in a timely summary judgment motion. (Docket No. 60 at 22.)

Plaintiff challenges Defendants' assertion of the defense at this stage in her

opposition to summary judgment and argues that the qualified immunity defense has been waived by Defendants because they failed to affirmatively plead it in their answer to the complaint, in the Scheduling Memorandum and during discovery. (Docket No. 83 at 35–37.) Therefore, Plaintiff avers that the defense must be excluded from the case. For these same reasons, and because Plaintiff claims she would be prejudiced if this "delayed" defense is allowed, Plaintiff opposes Defendants' request to amend the complaint to assert the qualified immunity defense. (Docket No. 93.) Thus, the question before the court turns on whether Defendants waived the qualified immunity defense and whether the court will allow them to amend the complaint to assert it.

■ Qualified immunity is an affirmative defense against personal liability which may be raised by state officials. *Whitfield v. Meléndez–Rivera*, 431 F.3d 1, 6 (1st Cir.2005). It "provides a safe harbor for public officials acting under the color of state law who would otherwise be liable under 42 U.S.C. § 1983 for infringing the constitutional rights of private parties." *Id.; see also Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). As an affirmative defense, the burden of proof is on the defendants. *DiMarco–Zappa v. Cabanillas*, 238 F.3d 25, 35 (1st Cir.2001). The qualified immunity defense exists not only to shield officials from liability for damages, but also to protect them from "the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Guzmán–Rivera v. Rivera–Cruz*, 98 F.3d 664, 666 (1st Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ While it is true that qualified immunity was not initially pleaded as an affirmative defense in Defendants' responsive pleading, the First Circuit has decidedly held that said defense may be asserted at various stages of the litigation, including the summary judgment stage, as is the case here. *Guzmán–Rivera*, 98 F.3d at 667. In *Guzmán–Rivera*, the First Circuit held that "[b]ecause the doctrine of qualified immunity recognizes that litigation is costly to defendants, officials may plead the defense at various stages in the proceedings." *Id.* "[D]efendants may raise a claim of qualified immunity at three distinct stages of the litigation." *Id.* First, the defendants may raise the defense on the pleadings, in a motion to dismiss. *Id.* Second, if a defendant cannot obtain a dismissal on the pleadings, he or she may move for summary judgment and "is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Id.; Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Third, "the defense is, of course, available at trial." *Guzmán–Rivera*, 98 F.3d at 667; *see Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Unwin v. Campbell*, 863 F.2d 124, 132 n. 5 (1st Cir.1988).

■ The First Circuit, however, has recognized that these rights to raise the defense of qualified immunity are not unlimited. *Guzmán–Rivera*, 98 F.3d at 667. Qualified immunity is an affirmative defense, and, as noted, the "burden of pleading it rests with the defendant." *Gómez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). "Since immunity must be affirmatively pleaded, it follows that failure to do so can work as a waiver of the defense." *Guzmán–Rivera*, 98 F.3d

at 667 (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir.1986)). In weighing the waiver issue, the courts "must balance the need to protect public officials from frivolous suits with the need to have cases resolved expeditiously." *Guzman–Rivera*, 98 F.3d at 668.

As such, to reduce the potential for abuse by the defendants, the First Circuit determined that "the defense of qualified immunity may be deemed to have been waived *if it is **not** raised in a diligent manner during the post-discovery, pre-trial phase*." *Id.* The First Circuit thus outlined that the *"failure to raise the [defense] on the pleadings does **not** constitute waiver* of the right to raise the defense post-discovery." *Id.* After making this perfectly clear, the First Circuit in *Guzmán–Rivera* ultimately held that the officials in that case waived the defense for the pre-trial stage but ***not*** for the purposes of trial because defendants-appellants raised the qualified immunity defense in a belated summary judgment motion after prolonged proceedings before the district court which included two post-discovery motions for summary judgment and one motion to dismiss that was converted to a motion for summary judgment, as well as through two appeals. *Guzmán–Rivera*, 98 F.3d at 666, 668. The First Circuit found that the officials failed to raise the qualified immunity defense diligently at an earlier time and encouraged district courts to enter scheduling orders to prevent dilatory tactics on the part of defendants with qualified immunity defenses. *Id.* at 668. Nevertheless, the First Circuit made pellucid that:

> [t]his ruling does ***not*** inhibit the ability of defendants to raise a defense of qualified immunity and benefit from the protections it offers. *Our ruling today in **no** way prevents a defendant from raising the defense of qualified immunity at*

*summary judgment, regardless of whether it was raised prior to discovery. Guzmán–Rivera*, 98 F.3d at 668.

■ The First Circuit plainly held that if the question before it was the simpler one this court faces today—whether the defense of qualified immunity is waived if it was not raised in the responsive pleadings—*"there would be **no** waiver." Id.* The issue of waiver at the pleadings stage has thus been categorically answered by the First Circuit: the defendants may raise the defense in a diligent fashion in the pre-trial stage via summary judgment motion, even after the conclusion of discovery. *Id.* In other words, failure by the defendants to raise the qualified immunity defense in their responsive pleading does not entail a waiver of the right to assert said defense at a later time, even post-discovery.

■ In the present case, counsel for the Defendants, although appearing at a later stage of these proceedings, asserted the defense of qualified immunity in a timely summary judgment motion and now seeks to amend the complaint to assert the defense therein. Defendants offer an explanation for this "delay," mainly that counsel was retained after the complaint was answered and an Initial Scheduling Conference had already been held before a Magistrate Judge. It bears to note that this is Defendants' first motion for summary judgment and it was filed within the timeframe established by the court. The court thus finds Defendants' explanations sufficiently amount to the diligence required. Moreover, Defendants correctly point to the First Circuit's decision in *Guzmán–Rivera* which is dispositive of the waiver issue in Defendants' favor.

As contemplated in *Guzmán–Rivera*, the defense of qualified immunity can be raised for the first time at the pre-trial stage via motion for summary judgment

after discovery had concluded even if it had not been asserted before. *Guzmán–Rivera*, 98 F.3d at 668. Accordingly, and consonant with First Circuit precedent, Defendants did not waive the qualified immunity defense. *Id.*

Lastly, the court turns to Defendants' request for leave to amend the answer to the complaint to assert said defense. In view of the above discussion, the complaint must not be amended for the defense to be pleaded in this case. As such, Defendants' request to amend the complaint to assert the qualified immunity at Docket No. 92 is **DENIED** because the defense has not been waived and can be asserted by Defendants.

**SO ORDERED.**