[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15567
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02357-LMM

TAREON KELSEY,
ANGELIQUE HILL,
BRIANNA TRIMBLE,
STEPHANIE BURNS,
individually and as representatives of proposed class,
YAKEISHA REID, et al.,

                                        Plaintiffs - Appellees,

versus

NELLY F. WITHERS,
TROY M. THOMPSON,

                                        Defendants - Appellants,

JOHN DOE I, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 4, 2017)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Nelly Withers, a judge of the DeKalb County Recorders' Court, and Troy Thompson, the Court Administrator, appeal the district court's order striking their second motion for summary judgment asserting defenses of absolute judicial and quasi-judicial immunity. The district court determined that, due to the parties' agreed-upon scheduling order, which bifurcated class and merits discovery, it would be unfair to require the plaintiffs to respond to a motion for summary judgment without first conducting merits discovery relevant to the judicial immunity issues. Upon review of the record and consideration of the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

On June 19, 2014, Tareon Kelsey, Angelique Hill, Brianna Trimble, Stephanie Burns, and Yakeisha Reed, individuals who had received traffic citations

and appeared in DeKalb County Recorders' Court, brought various state law claims against Recorders' Court employees, alleging that errors they committed caused them to suffer unlawful arrests.  A second amended complaint raising claims under the Fourth and Fourteenth Amendments to the United States Constitution was filed on January 30, 2015.  After the state court denied their motion to dismiss on sovereign and judicial immunity grounds, Judge Withers and Mr. Thompson removed the case to the United States District Court for the Northern District of Georgia and attached a copy of their previous motion to dismiss.  The district court refused to consider the motion to dismiss, noting that it "ha[d] been ruled on in the state court."  D.E. 114 at 3.  The district court then asked the parties to meet and confer and propose a scheduling order.

As instructed, the parties agreed upon and submitted a Joint Scheduling Order, which the district court entered on September 21, 2015.  The Joint Scheduling Order contemplated bifurcated discovery, with discovery on class certification issues proceeding first.  Only after "the Court determination whether class certification [was] or [was] not appropriate" would the parties "plan future merits discovery."  D.E. 32 at 2.  Although specific deadlines were extended, no parties sought to modify the bifurcated nature of the discovery plan.

The parties proceeded with class discovery, as contemplated by the Joint Scheduling Order.  The parties stipulated to this agreement on the record at

3

depositions, noting that the depositions were taken only for the purpose of class discovery and reserving the right to re-depose witnesses on merits issues at another time. The record reflects that this was the understanding of both parties. *See, e.g.,* D.E. 116 at 4:18–20 (counsel for Judge Withers and Mr. Thompson stating "[w]e did have in place an agreement regarding this case as far as initial discovery"). Indeed, at Mr. Thompson's deposition, the plaintiffs' counsel forgot to note that the deposition was for the limited purpose of discovery. Before the first question, Mr. Thompson's counsel noted that the deposition was being taken "for the limited purposes of class discovery." Appellees' Supp. Appx. Part III at 4:17–22.

On May 17, 2016, before class discovery had concluded, Judge Withers and Mr. Thompson filed their first motion for summary judgment on the grounds of absolute judicial and quasi-judicial immunity. The district court held a status conference to discuss discovery disputes and the filing of the first motion on June 1, 2016. The district court struck the motion, citing the parties' agreement to bifurcate discovery and complete merits discovery only after class certification was determined.

About two months later, but before merits discovery, Judge Withers and Mr. Thompson filed a second motion for summary judgment on the same immunity grounds. At the plaintiffs' request, the district court held another status conference on August 18, 2016. Judge Withers and Mr. Thompson argued that no

4

further discovery could change the outcome of the judicial immunity issue and, therefore, the filing was appropriate.  The district court disagreed, again citing the "conscious decision to use this tier discovery approach" and reasoning that it would be unfair to require the plaintiffs to respond on an issue for which there had not been discovery.  D.E. 115 at 16:19–22.  It accordingly struck the second motion for summary judgment.  Judge Withers and Mr. Thompson then filed this appeal.

## II

We review the district court's management of pre-trial activities, including discovery and scheduling, for abuse of discretion. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997).  "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07 (11th Cir. 2011) (internal quotation marks and citation omitted). [1]

## III

---

[1] Judge Withers and Mr. Thompson contend that we should review the merits of the motion for summary judgment *de novo*.  Appellants' Br. at 9–10.  But because their challenge is to the district court's enforcement of the scheduling order to strike the second motion for summary judgment as premature, we review for an abuse of discretion.

5

The district court's decision to strike Judge Withers' and Mr. Thompson's second motion for summary judgment was well within the range of choice available to it. "District courts have unquestionable authority to control their own dockets," including "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted). Here, the parties agreed to conduct bifurcated discovery. Judge Withers and Mr. Thompson never asked the district court to modify the scheduling order to allow discovery on judicial immunity issues, even after the possibility of modification was expressly raised by the district court following the filing of the first motion for summary judgment.

As the district court explained, "I will strike this [second] motion for summary judgment because I don't believe that it is fair to [ ] tier discovery in this matter and then leave plaintiffs with the obligation to respond to this motion when I have prevented them from a court order in conducting this kind of discovery." D.E. 115 at 17:20–25. *See also id*. at 18:11–15 ("This motion for summary judgment is not proper . . . because it's unfair as to the way it tiers discovery and it prevents plaintiffs from conducting discovery on issues while at the same time defendant utilizing a limited set of discovery in response to its motion."). This was not an abuse of discretion. Indeed, "we have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse

6

of discretion." *Josendis*, 662 F.3d at 1307. *See also Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 811 (11th Cir. 2017) (citing *Josendis*, 662 F.3d at 1307).

This well-established principle does not vanish when the district court denies a motion for summary judgment on immunity grounds, filed in violation of a scheduling order. *See Torres v. Puerto Rico*, 485 F.3d 5, 11 (1st Cir. 2007) ("District courts have wide discretion to set reasonable deadlines for asserting such defenses, and they may impose condign sanctions on parties who do not comply."); *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 668 (1st Cir. 1996) ("The trial judge retains discretion not only to set cut off dates for discovery but to cut off motions for summary judgment, even those which may challenge the plaintiff's right to go to trial on the basis of absolute or qualified immunity.") (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 (6th Cir. 1986)); *McCabe v. Macaulay*, 545 F. Supp. 2d 857, 866 (N.D. Iowa 2008) ("While law enforcement officers are permitted to raise the defense of qualified immunity repeatedly throughout a litigation, they are not permitted to ignore a court's trial management orders.").

Moreover, the district court's concern about unfairness to the plaintiffs was consistent with precedent from the Supreme Court and our circuit. When striking the motions for summary judgment, the district court recognized that the bifurcated discovery contemplated by the scheduling order limited discovery into merits

7

issues.  Relying on that schedule, the parties limited deposition questioning to those issues affecting class certification.  The plaintiffs could not have been on notice that, despite the parties' agreement and defense counsel's representations at deposition, they would be required to come forward with evidence on the merits of the immunity issues before merits discovery even began.  *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

Further, we have cautioned that "summary judgment may only be decided upon an adequate record."  *Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) (quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)).  *See also Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.").  Here, the district court appropriately recognized that the scheduling order prevented plaintiffs from obtaining that necessary discovery.

We are mindful that the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Indeed, the district

8

court raised the possibility of prioritizing discovery on the judicial immunity issues at its initial scheduling conference. *See* D.E. 114 at 5 ("So what I'm more interested in … [is] the parties trying to get together on a detailed scheduling order that would take into account what needs to be done in terms of the class certification discovery, *the issues relating to qualified immunity*. And it may be that this particular case, some kind of tiered way of dealing with some of the summary judgment issues would make sense."). Yet, the parties did not heed that recommendation. Instead, they made a decision to proceed with only discovery on class certification.[2]

Importantly, the second motion for summary judgment did not accept the facts as pled in plaintiffs' complaint as true. Instead, it was based, at least in part, on the class certification discovery obtained. For example, the second motion for summary judgment cited Judge Withers' deposition several times, including her testimony that the administrative tasks at issue were performed by the clerk, not her, and that she was not responsible for supervision of the Clerk's Office. Likewise, the second motion for summary judgment cited Mr. Thompson's testimony to support that his role as Court Administrator was separate from the

---

[2] *See also* D.E. 115 at 7:22–8:4 ("What I'm having difficulties with is that this idea to go to this tier discovery where the plaintiffs were not going to do the merit-based discovery at this point in time, was something that all the parties agreed upon, so this isn't something that the court has imposed on the parties. It's something that the parties have come to the court with an agreement to handle it this way. And if it was a normal case where just discovery was conducted, [then] this might be a different situation.").

administrative role of the Clerk's Office and, therefore, he was entitled to quasi-judicial immunity.    But, as noted, plaintiffs were prohibited by the parties' bifurcated discovery agreement from obtaining discovery into the merits at those same depositions.    Therefore, this is not a case where, despite the parties' agreement to bifurcate discovery, a motion for summary judgment argued that judicial immunity was appropriate accepting the facts pled in the complaint as true. In such a case, additional discovery may be unnecessary.

Just as judicial immunity can be waived entirely, *see Boyd v. Carroll*, 624 F.2d 730, 732–33 (5th Cir. 1980), litigants may also waive their right to immunity from discovery.    *See English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994) (considering qualified immunity and noting "a defendant who fails to timely assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial").    *Cf. Sec'y, U.S. Dep't of Labor v. Preston*, No. 17-10833, — F.3d —, 2017 WL 4545962, at *7 (11th Cir. Oct. 12, 2017) ("With respect to all manner of personal rights, the Supreme Court has long adhered to what it has called a 'presumption of waivability.'").    Such is the case here, and the district court did not abuse its

10

discretion by holding Judge Withers and Mr. Thompson to their prior agreement. *See Josendis*, 662 F.3d at 1307. [3]

## IV

Because the district court's decision to adhere to the parties' scheduling order was well within the "range of choice" afforded to it, we affirm its decision to strike the second motion for summary judgment. [4]

**AFFIRMED**.

---

[3] It bears emphasis that "[t]his decision does not imply, however, that the defense has been waived for other stages of the litigation." *Guzman-Rivera*, 98 F.3d at 669.

[4] We decline to consider Judge Withers' and Mr. Thompson's arguments in support of their stricken motions for summary judgment at this juncture, as those issues are more properly considered in the first instance by the district court upon an appropriate record and briefing.

11