United States Court of Appeals,

Eleventh Circuit.

No. 94-8360.

Rosamerry McELROY, Plaintiff-Appellee,

v.

CITY OF MACON, Unknown Policemen of the City of Macon, Defendants,

Charles E. Reynolds, and other unknown police officers of the City of Macon, Defendants-Appellants.

Nov. 7, 1995.

Appeal from the United States District Court for the Middle District of Georgia. (No. 92-77-3-MAC(DF), Claude W. Hicks, Jr., Magistrate Judge.

Before EDMONDSON and BIRCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This appeal involves the reviewability of an order denying as untimely a motion for summary judgment based on qualified immunity. On March 3, 1994, the parties to this civil-rights case were notified that trial would begin on March 28, 1994. On March 17, Reynolds—a police officer—filed a motion for summary judgment based on qualified immunity. The motion was denied on the grounds that the motion was untimely under Local Rule 3.2 and that material issues of fact existed. Reynolds then filed this appeal.

Local Rule 3.2 in Georgia's Middle District provides in part that counsel wishing to submit a response, brief or affidavits in opposition to a civil motion "shall serve the same within twenty (20) days after service of movant's motion and brief." The judge said that McElroy had insufficient time to respond to this motion because the trial was to begin in eleven days. And, the judge

noted that Reynolds, after indicating his intention to file a motion, had waited thirty days to file the motion and had filed the motion two weeks after agreeing to the March 28 trial date.

Reynolds had an adequate opportunity to file a timely motion for summary judgment based on qualified immunity. He failed to do so. The denial of Reynolds' motion for summary judgment as untimely was not error.[*]

AFFIRMED.

---

[*]In ruling that Reynolds' motion for summary judgment was untimely, we do not reach the merits of Reynolds' claim that he is entitled to qualified immunity. We have looked at *Johnson v. Jones,* --- U.S. ----, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), and conclude that defendants may immediately appeal the denial, based on untimeliness, of a summary judgment motion in a qualified immunity case. *See Hill v. DeKalb Regional Youth Detention Ctr.,* 40 F.3d 1176 (11th Cir.1994); *Valiente v. Rivera,* 966 F.2d 21 (1st Cir.1992). We see *Johnson*'s constraint on interlocutory appeals to be, itself, limited to barring appeals in which the issue is whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial. By the way, defendant in this case says he is due qualified immunity on the false arrest claim against him even if the courts assume Plaintiff's version of the facts to be correct.