[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

No. 08-13935

_____

D. C. Docket No. 05-00585-CV-UWC


BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA,

                                    Plaintiff-Counter-Defendant-Appellant,

           versus

NEW LIFE ART, INC.,
DANIEL A. MOORE,

                                    Defendants-Counter-Claimants-Appellees,

           versus

ROBERT E. WITT,
President, University of Alabama,
FINUS P. GASTON,

                                    Counter-Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____
(June 4, 2009)


Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants, the Board of Trustees of the University of Alabama ("the Board"), Robert E. Witt, and Finus P. Gaston appeal from the district court's June 10, 2008 order striking the affirmative defenses in their Reply to Counterclaim. Appellants Witt and Gaston also appeal from the district court's July 2, 2008 order striking their summary judgment motion. For the reasons described below, we affirm the June 10th order striking Appellants' affirmative defenses, but we vacate the July 2nd order striking Witt and Gaston's summary judgment motion and remand to the district court for consideration of the summary judgment motion.[1]

---

[1] Witt and Gaston asserted state agent immunity as an affirmative defense in both the Reply to Counterclaim, struck on June 10, 2008, and in the summary judgment motion, struck on July 2, 2008. The denial of state agent immunity under Alabama law is immediately appealable to this Court. Taylor v. Adams, 221 F.3d 1254, 1260 n.9 (11th Cir. 2000); Sheth v. Webster, 145 F.3d 1231, 1238 (11th Cir. 1998). The dismissal of an immunity defense on grounds of untimeliness is immediately appealable because it denies the defendant the benefit of immunity from suit. McElroy v. City of Macon, 68 F.3d 437, 438 n.* (11th Cir. 1995); Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1183-84 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515 (2002). The June 10th order striking the Reply to Counterclaim and the July 2nd order striking the summary judgment motion constituted a denial of Witt and Gaston's asserted state agent immunity defense on procedural grounds. We therefore have jurisdiction over the striking of the state agent immunity defenses in the June 10th and July 2nd orders. Because the issues on appeal with respect to whether the district court abused its discretion in the June 10th and July 2nd orders are the same with regard to all of the defenses struck by those orders, we conclude that all of the defenses raised in the Reply to Counterclaim and in the summary judgment motion are inextricably intertwined with the state agent immunity defense for the purposes of this appeal. Therefore, we have pendent appellate jurisdiction over the entirety of the June 10th and July 2nd orders. Swint v. Chambers County Comm'n, 514 U.S. 35, 115 S. Ct. 1203 (1995); Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1335 (11th Cir. 1999). Accordingly, Appellees' motion to dismiss this appeal for lack of jurisdiction is DENIED.

## I. STANDARD OF REVIEW

District courts "enjoy broad discretion in deciding how best to manage the cases before them." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). "[W]e will reverse the trial court's decision to follow the pre-trial order only where the trial court has so clearly abused its discretion that its action could be deemed arbitrary." Morro v. City of Birmingham, 117 F.3d 508, 513 (11th Cir. 1997) (internal quotation marks omitted).

## II. DISCUSSION

### A. June 10th Order Striking the Affirmative Defenses in the Reply to Counterclaim

The pretrial conference in this case was held on June 9, 2008; the pretrial order was entered on June 10, 2008. Also on June 10, the Board, Witt, and Gaston filed their first responsive pleading to Appellees Daniel A. Moore and New Life Art's (hereinafter "the Moore defendants") counterclaim, in which the Appellants asserted fifty-nine affirmative defenses, including "sovereign, qualified, absolute, discretionary function immunity, and state agent immunity." On the same day, the district court sua sponte struck all of the affirmative defenses as untimely because, among other reasons, the affirmative defenses "are not included in the Counter Defendants' Statement of Position in Pretrial Order submitted jointly by the

3

parties."

The district court has broad discretion with respect to interpretation and enforcement of the pretrial order. "We are not inclined to disturb the district court's interpretation of a stipulation agreed upon by the parties during pretrial proceedings and approved by the court." Hodges v. United States, 597 F.2d 1014, 1017 (5th Cir. 1979) (upholding a district court's interpretation of a pretrial order as barring a defense that the defendant attempted to assert at trial). The pretrial order in this case did not reference any of the affirmative defenses asserted by the Board, Witt, and Gaston in their Reply to Counterclaim, nor did it reference their intention to file the Reply to Counterclaim and the affirmative defenses. While the timing and complexity of the procedural history in this case makes this a fairly close issue, we cannot conclude that the district court abused its discretion in interpreting the pretrial order as barring the Reply to Counterclaim and consequently striking the affirmative defenses.

B. July 2nd Order Striking the Motion for Summary Judgment

On June 11, 2008, the day after the district court entered the pretrial order, Witt and Gaston filed a motion for summary judgment in which they asserted a state agent immunity defense as well as several other affirmative defenses. The district court ordered a show cause hearing to determine whether it should impose

sanctions on Witt and Gaston for filing their summary judgment motion in contravention of the pretrial order. The district court determined after the show cause hearing that no sanctions against Witt and Gaston would be imposed, but the district court struck Witt and Gaston's motion for summary judgment as untimely on July 2, 2008.

The district court's July 2nd order striking the summary judgment motion stated only that the motion was struck for being untimely. The court's order for a show cause hearing and the transcript of that hearing reveal that the district court struck the motion as untimely because the district court interpreted the pretrial order as not providing for Witt and Gaston to file a motion for summary judgment. The pretrial order, however, clearly referenced the summary judgment motion filed by Witt and Gaston on June 11, 2008 in the section headed "Counter-Defendants' Position." This section stated: "Counter-Defendants Witt and Gaston assert that they are entitled to summary judgment based on the reasons set forth in their motion for summary judgment and supporting memorandum of law." The district court assumed that this reference in the pretrial order to a motion for summary judgment was a reference to a motion previously filed by the Board. The motion for summary judgment by the Board, however, did not address the counterclaim against Witt and Gaston nor did it assert any defenses on their behalf. Thus, it was

clear that the reference in the pretrial order was not to that previous motion for summary judgment by the Board.

Given the plain language of the pretrial order, and the fact that the Board's earlier motion for summary judgment did not address the claims against Witt and Gaston, the district court's interpretation of the pretrial order as not providing for Witt and Gaston's June 11, 2008 summary judgment motion was mistaken. Furthermore, the Moore defendants had ample notice of Witt and Gaston's intent to file a summary judgment motion and to assert the state agent immunity defense. The Moore defendants should have known that Witt and Gaston would file a motion for summary judgment asserting the state agent immunity defense and other defenses for the following reasons: 1) the statements at the October 2005 hearing and in the district court's November 2005 opinion that Witt and Gaston should file a brief on state agent immunity; 2) Witt and Gaston's assertion in their June 6, 2008 Motion to Strike the Amended Counterclaim that they were entitled to state agent immunity; 3) Witt and Gaston's direct statement in their brief supporting their Motion to Strike the Amended Counterclaim that if the district court struck the amended counterclaim, then they would file a motion for summary judgment; and 4) the fact that the pretrial order stated in the Counter-Defendants' Position that Witt and Gaston sought summary judgment based on their motion for summary

6

judgment. When these reasons are combined with the obvious fact that the reference in the pretrial order to a motion for summary judgment did not refer to the previously filed motion by the Board, it should have been apparent to the Moore defendants that Witt and Gaston were contemplating filing the motion for summary judgment that they filed on June 11, 2008. Also because of this ample notice, the Moore defendants suffered no prejudice from any delay in the filing of Witt and Gaston's motion for summary judgment.

The district court's discretion to manage the cases before it "is not unfettered." Chudasama, 123 F.3d at 1367. Thus, despite the broad discretion given to district courts in interpreting and enforcing their pretrial orders, we conclude that the order striking Witt and Gaston's summary judgment motion is an abuse of discretion. Because the district court was simply mistaken in its interpretation of the pretrial order, because it should have been apparent to the Moore defendants that Witt and Gaston would file the motion for summary judgment, and because the Moore defendants suffered no prejudice, we hold that the district court abused its discretion in striking Witt and Gaston's motion for summary judgment. Therefore, we vacate the July 2, 2008 order, and remand for consideration of the summary judgment motion.

Accordingly, the judgment of the district court in the June 10, 2008 order

(striking Appellants' Reply to Counterclaim) is AFFIRMED, but the judgment of the district court in the July 2, 2008 order (striking Witt and Gaston's summary judgment motion) is VACATED.