[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10478
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01143-GAP-TBS


CHELER DESTRA,

                                                                    Plaintiff,

MERIANNE PIERRE, as Personal
Representative of the Estate of
Cheler Destra,

                                                        Plaintiff-Appellee,

versus

JERRY L. DEMINGS,

                                                                    Defendant,

MICHAEL JOHNSON,
KEVIN JOHNSON,
MICHAEL LAPPAS,
DONALD W. MURPHY,

                                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 23, 2018)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendants Michael Johnson, Kevin Johnson, Michael Lappas, and Donald Murphy (collectively, "Defendants") appeal the district court's January 18, 2017, order striking their motion for summary judgment as untimely, and January 23, 2017, order denying their subsequent motion for an extension of time to file their motion for summary judgment. After careful review, we vacate the January 23 order and remand for additional fact-finding.

## I.    BACKGROUND

Defendants are police officers with the Orange County Sheriff's Office in Orange County, Florida. On May 15, 2014, Defendants arrested Plaintiff Cheler Destra after a traffic stop in Orlando. The charges against Destra were subsequently dismissed, and Destra brought this action against Defendants and the Sheriff of Orange County. The claims against the Sheriff were eventually dismissed.

2

Destra brought several claims against Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with his May 2014 arrest.  He also brought several claims under state law regarding the same conduct.

In November 2015, the district court entered a scheduling order, which it later modified at the parties' request.  In modifying the order, the district court adopted the deadlines proposed by the parties.  It extended the discovery deadline to January 9, 2017, and the dispositive motions deadline to January 16, 2017.  The district court also ordered the parties to engage in mediation by January 10, 2017.

Defendants filed their motion for summary judgment on January 17, 2017—one day late.  In that motion, Defendants claimed an entitlement to qualified immunity with respect to Destra's § 1983 claims, and individual immunity under Florida Statute § 768.28(9)(a) with respect to his state-law claims.  The district court struck the motion as untimely the following day.  The day after that, Defendants filed a motion for an extension of time to file their motion for summary judgment.

## A.    Defendants' motion for an extension of time

In their motion for an extension of time, Defendants argued that the district court should grant them an extension under Rule 6(b) of the Federal Rules of Civil Procedure because their delay was due to excusable neglect.  Defendants explained that, on January 9, 2017, Deputy Norman Lewis was killed in the line of the duty.

3

Deputy Lewis was a member of the same unit as Defendants Michael Johnson, Kevin Johnson, and Michael Lappas.

After attending a mediation conference on January 10, Defendants' counsel learned that there would be two funeral services to honor Deputy Lewis:  one in Orlando, where Lewis and Defendants worked, and one in Port Charlotte, Deputy Lewis's hometown.[1]  The Orlando funeral was originally scheduled for Friday, January 13, 2017, and the Port Charlotte funeral was originally scheduled for Saturday, January 14, 2017.[2]  The three Defendants who served on Deputy Lewis's unit planned to participate in both funerals.  One of those Defendants, Michael Johnson, had been selected to offer a eulogy at the Port Charlotte service.

Counsel explained that, in order to accommodate Defendants' plans to participate in the funerals, he cancelled an office conference scheduled for Friday, January 13, 2017, where he had planned to review the motion for summary judgment with Defendants and obtain their affidavits in support of the motion. That meeting was rescheduled for Monday, January 16, 2017—the day that the motion for summary judgment was due.

On the morning of January 16, 2017, Defendants' counsel learned that the Port Charlotte funeral had been rescheduled for 2:00 p.m. that day—Monday,

---

[1]  Port Charlotte is more than 100 miles from Orlando.

[2]  We note that, according to Defendants' initial brief on appeal, the Port Charlotte funeral was originally scheduled for Sunday, January 15, not, as stated in their motion, Saturday, January 14.

January 16, 2017—because Deputy Lewis's mother had taken ill.  Because of that change, the three Defendants participating in the Port Charlotte funeral were not expected to return to Orlando until late in the evening of January 16.[3]  Defendants' counsel immediately telephoned Destra's counsel and informed him of the situation.  Defendants' counsel also explained his understanding that, because January 16, 2017, was a legal holiday—the day on which Martin Luther King, Jr.'s birthday is officially observed—the deadline for Defendants' motion automatically extended to the following day.

Defendants' counsel then informed Defendants that the meeting scheduled for January 16, 2017, would be cancelled so they could participate in the funeral services.  On Tuesday, January 17, 2017, Defendants met with their counsel, reviewed the motion for summary judgment, and executed their affidavits.  The motion was filed the same day.

**B.      Destra's response to Defendants' motion for an extension of time**

Destra opposed Defendants' motion for an extension of time.  In Destra's response to that motion, Destra's counsel acknowledged receiving Defendants' counsel's phone call on January 16, but emphasized that he did not consent to the late filing or otherwise agree that Defendants' motion for summary judgment would be timely if filed on January 17.  In arguing that Defendants could not show

---

[3]  In their brief on appeal, Defendants note that some of them did not return to Orlando until after 10:00 p.m.

excusable neglect, Destra noted that Defendants could have filed their motion for summary judgment at any time before the January 16, 2017, deadline, and contended that there was "no indication that counsel could not meet or confer with the Defendants on January 11, January 12, January 13, January 14, or January 15, 2017, or at any date prior to those dates." He further noted that Defendants' counsel could have electronically filed the motion even on days when the courthouse was closed, as it was on January 16.

Destra then argued that Defendants had not only failed to show excusable neglect, but that excusable neglect was not the correct standard to apply to their motion. Instead, the proper standard was "good cause" under Rule 16(b)(4) of the Federal Rules of Civil Procedure.

### C.    The district court's ruling on Defendants' motion for an extension of time

In a paperless endorsed order entered on January 23, 2017, the district court denied Defendants' motion for an extension of time. The district court did not explain its reasoning. Defendants then took this appeal from the district court's January 18 order striking their motion for summary judgment and its January 23 order denying their motion for an extension of time.[4]

---

[4] We have jurisdiction to review a district court's refusal to hear a defendant's claim of qualified immunity on timeliness grounds. *See McElroy v. City of Macon*, 68 F.3d 437, 437–38, 438 n.* (11th Cir. 1995); *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1182–84, 1184 n.15 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002). In the circumstances presented here, this jurisdiction extends to the district court's January 23, 2017,

6

## II.    DISCUSSION

### A.    Standard of review

We review a district court's decision to enforce the deadlines in its scheduling order for an abuse of discretion. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Under the abuse-of-discretion standard, we will leave undisturbed a district court's ruling unless the district court has made a clear error of judgment or has applied the wrong legal standard. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

### B.    The district court's January 18 order striking Defendants' motion for summary judgment

The district court did not abuse its discretion when it initially struck Defendants' motion for summary judgment as untimely.  Defendants' motion for summary judgment was one day late.  That the deadline fell on a legal holiday is irrelevant.  The advisory committee notes to Rule 6 indicate that Rule 6(a), which provides that a deadline that falls on a legal holiday is automatically extended to the next day that is not a Saturday, Sunday, or legal holiday, does not apply when

---

order denying Defendants' motion for an extension of time, which effectively denied Defendants review of their claim of qualified immunity. *See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1447–48 (11th Cir. 1996) (concluding that this Court had jurisdiction to review a district court's order compelling mediation and deferring consideration of a defendant's claim of Eleventh Amendment immunity because the order "effectively denied" the defendant's right not to participate in the litigation).

the district court sets a deadline on a date certain.  Fed. R. Civ. P. 6 advisory committee note (2009).

Because Defendants' motion for summary judgment was filed late without any explanation, the district court's initial decision to strike that motion was not an abuse of its discretion.  Accordingly, the only remaining issue is whether the district court abused its discretion in denying Defendants' motion for an extension of time.

**C.    The district court's January 23 order denying Defendants' motion for an extension of time**

When a deadline appears in a scheduling order and a motion is filed after the deadline, "Rule 16 is the proper guide for determining whether a party's delay may be excused."  *Sosa*, 133 F.3d at 1418 n.2.  In *Sosa*, we rejected the argument that the excusable-neglect standard in Rule 6(b) governs such extensions.  *Id.*; *cf. Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n.8 (11th Cir. 2014) ("Rule 6(b)(1)(B) applies generally, when a more precise rule does not govern the situation.").

Accordingly, in order to receive an extension of time to file their motion for summary judgment, Defendants were required to show "good cause" for missing the deadline.  *See* Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418–19, 1418 n.2. Rule 16(b)'s good-cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 6 advisory committee note (1983)).

8

We cannot discern from the existing record whether Defendants and their counsel exercised the diligence necessary to establish good cause for their delayed filing.  The motion for an extension of time indicates that Defendants' counsel "began to diligently prepare" Defendants' motion for summary judgment on January 10, 2017, and that he planned to review that motion with Defendants and obtain their affidavits in support of it on Friday, January 13—three days before the deadline—at a conference previously scheduled for that purpose.  That counsel's plans to finalize Defendants' motion for summary judgment on January 13 were thwarted by the tragic and unexpected death of an officer on Defendants' unit earlier that week does not indicate a lack of diligence on the part of either Defendants or their counsel.  Furthermore, we cannot say that counsel's decision to reschedule the January 13 conference for January 16 reflects a lack of diligence given the information known to counsel when he made that decision.  Moreover, because the district court did not explain its reasoning, we do not know whether it considered counsel's initial decision to finalize the motion three days before the deadline to be indicative of a lack of diligence.

However, we are also mindful of Destra's assertion that "there is no indication that counsel could not meet or confer with the Defendants on January 11, January 12, January 13, January 14, or January 15, 2017, or at any date prior to those dates."  Although Defendants' counsel did not learn until the

9

morning of January 16, 2017, that the Port Charlotte funeral had been rescheduled for that afternoon, there is no indication in the record as to when Defendants learned of that change.  Defendants' knowledge in these circumstances may not be conclusive of the issue, but it may be an important factor bearing on whether Defendants and their counsel could not meet the January 16 deadline "despite the[ir] diligence."  *See Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 6 advisory committee note (1983)).

The district court neither found any facts nor explained its reasons for denying Defendants' motion.  Given the particular circumstances of this case, and the importance of resolving claims of qualified immunity before trial, we think additional fact-finding is called for before Defendants' motion is ruled upon by the district court.[5]  *See, e.g.*, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176,

---

[5]  Defendants, of course, have the burden of establishing good cause.  *See* Fed. R. Civ. P. 6 advisory committee note (1983).  Nevertheless, given the Supreme Court's repeated "instruct[ion] that claims of qualified immunity must be determined pretrial or the doctrine would be meaningless and this protection effectively would be denied," *Hill*, 40 F.3d at 1184 n.15, we decline to resolve Defendants' motion for an extension of time solely on the contents of the motion without the benefit of a factual record.

10

1182–84, 1184 n.15 (11th Cir. 1994) (concluding that a pretrial determination of qualified immunity was important enough to merit this Court's consideration of the merits of a summary judgment motion raising the issue when the district court had denied the motion as untimely without considering the merits), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

## III.    <u>CONCLUSION</u>

For the reasons set forth above, we **VACATE** the district court's January 23, 2017, order denying Defendants' motion for an extension of time and **REMAND** for additional fact-finding with respect to that motion.